## UNITED STATES FIDELITY & GUARANTY CO. v. HAM.

No. 18076—Opinion Filed March 15, 1927.

(Syllabus.)

**1. Appeal and Error—Time for Appeal Where Motion for New Trial Unnecessary.**

Where judgment is rendered by the trial court on the pleadings filed, a motion for new trial is unnecessary and unauthorized and does not operate to extend the time in which to perfect an appeal from such judgment.

**2. Same—Statute.**

"Section 798, Comp. Stat. 1921, provides all proceedings for reversing, vacating, or modifying judgment or final orders shall be commenced within six months from the rendition of the judgment or final order complained of, and the filing of a useless or unauthorized motion does not operate to prevent the running of time in which an appeal must be perfected."

Error from District Court, Craig County; A. C. Brewster, Judge.

Action between the United States Fidelity & Guaranty Company. From the judgment, the former appeals. Dismissed.

D. B. Frear, for plaintiff in error.

S. F. Parks, for defendant in error.

PER CURIAM. The trial court rendered judgment on pleadings May 28, 1926. The appeal from the action of the trial court in rendering said judgment was lodged in this court January 6, 1927, more than six months after the judgment appealed from was rendered. Section 798, C. O. S. 1921, provides that:

"All proceedings for reversing, vacating, or modifying judgments or final orders shall be commenced within six months from rendition of the judgment or final order complained of. * * *"

The six months' period, in which to commence proceedings in this court to review the judgment complained of, expired November 28, 1926. The plaintiff in error filed in the trial court its motion for new trial, and urge the time in which to file this appeal began to run from the time of the overruling of the motion for new trial.

In the case of Schuber et al. v. McDuffee, 67 Okla. 160, 169 Pac. 642, it is held:

"Where judgment is rendered on the pleadings. motion for new trial is neither essential nor proper. * * *"

In Lee et al. v. Summers, 36 Okla. 784, 130 Pac. 268, this court held that:

"The filing of a useless and unauthorized motion in a case will not operate to prevent the running of the time in which an appeal must be perfected."

In the case of McAleer v. Waddell-O'Brien Motor Co. et al., 105 Okla. 35, 231 Pac. 480, in the second paragraph of the syllabus thereof the rule is laid down as follows:

"Section 798, Comp. Stat. 1921, provides: 'All proceedings for the reversing, vacating, or modifying judgments, or final orders, shall be commenced within six months from the rendition of said judgment or final order complained of; and the filing of a useless or unauthorized motion does not operate to prevent the running of time in which an appeal must be perfected."

The motion for new trial being unnecessary, the time within which to appeal expired November 28, 1926. This appeal is dismissed.

Note.—See under (1) 3 C. J. p. 1051, §1050; 2 R. C. L. p. 108: 1 R. C. L. Supp. p. 399. (2) 3 C. J. p. 1051. §1050.