## DAMARAS v. DANCE.

No. 24377. Opinion Filed June 6, 1933.

Grant Gillespie, for plaintiff in error.

Pitchford & Pitchford, for defendant in error.

PER CURIAM. This was an action in replevin for a frigidaire or the value thereof in the sum of $152.17, the amount due on an installment contract. There was no defense at the trial of the cause other than some testimony introduced by the plaintiff in error, defendant below, relative to some payments.

It is not urged, nor even suggested, in the brief of plaintiff in error that he has a defense. A great deal of testimony is contained in the record dealing with certain payments and repairs, but on the appeal none of this testimony is mentioned, and no argument or claim of error is based thereon, and, as there is no assignment of error made of this or abstract of the testimony thereto, it will be held that that part of the cause has been abandoned.

The only other assignment of error is that, since the bill of particulars did not ask for a return of the property, but only for a money judgment, the court erred in entering a judgment for the possession of the property or, in the alternative, its value.

Such allegations are not required, in view of the liberal rule relative to pleading in justice of peace court, in the absence of an objection. This court has held an action in replevin can be brought upon the affidavit of plaintiff without a bill of particulars. Ackerman v. Chappell Hdw. Co., 41 Okla. 275, 137 P. 349.

A motion to dismiss has been filed on the ground that the appeal is without merit and for delay only. The motion to dismiss is sustained, and the appeal dismissed.