### CANNON et al. v. CANNON et al.

No. 25731.   Jan. 22, 1935.

Sasseen & Foth, for plaintiffs in error.

Carder & Carder, for defendants in error.

PER CURIAM. On the 22nd day of November, 1932, there was filed in the district court of Washita county, a transcript of the proceedings from the county court in the matter of the last will and testament of Elijah B. Cannon, deceased, and at the proceedings in the district court the matter was tried upon an agreed statement of facts. At the rendition of the judgment notice of intention to appeal was given, and it was · not until thereafter, on December 28, 1933, that a motion for new trial was filed, which was overruled on the 18th day of January, 1934.

A motion to dismiss has been filed for the reason that the appeal was not perfected within six months from the date of the rendition of the judgment, to wit, the 27th day of December, 1933. It was the early holding of this court and has been the consistent rule since that where a case is tried upon the pleadings and an agreed statement of facts, no motion for new trial is necessary, and if no notice of appeal was given at the time of the rendition of the judgment, or within 10 days thereafter, or if the case is not filed within six months from the date of the entry of the judgment, this court is without jurisdiction to pass upon the alleged errors contained in the petition in error and case-made attached. Smith v. Morris, 166 Okla. 285, 27 P. (2d) 631; Garland v. Union Trust Co., 49 Okla. 654, 154 P. 676; Bd. County Com'rs v. Porter, 19 Okla. 173, 92 P. 152; Setzer v. Moore, 164 Okla. 70, 22 P. (2d) 998; Showalter v. Hampton, 122 Okla. 192, 253 P. 105.

In the case of Showalter v. Hampton, supra, this court said:

"Where a cause is tried upon an agreed statement of all the ultimate facts, leaving for the court the sole question of the application of the law to such ultimate facts, a motion for a new trial is unnecessary and unauthorized by statute and does not extend the time within which an appeal must be perfected in the Supreme Court, and the time for perfecting such appeal runs from the date judgment is rendered, and not from the date of the overruling of such unnecessary and unauthorized motion."

It appearing, therefore, that no notice of intention to appeal to this court was given at the date of the trial or within ten days thereafter as by law provided, and it appearing, further, that the appeal was not taken within six months from the date of said judgment, this court acquired no jurisdiction of said appeal, and the appeal is dismissed.