**ROURKE, Adm'r, et al. v. STENTZ et al.**

No. 25726.   June 4, 1935.

Rehearing Denied July 16, 1935.

Application for Leave to File Second Petition for Rehearing Denied Oct. 15, 1935.

J. D. Chastain and L. D. Mitchell, for plaintiffs in error.

Bliss Kelly and John W. Hayson, for defendants in error.

PER CURIAM. This action was commenced in the district court by the filing of a petition on the 7th day of November, 1932. A judgment was rendered for the plaintiff, and the appeal is by the administrator, who is in possession of the premises under the administrator's bond of $1,000.

The property involves a note and mortgage of $2,500 with interest, dated April 2, 1930, given by W. D. Rourke for the premises involved.

We have carefully examined the proceedings, the record in the case and the brief of the parties, and find that the only defense made is that the plaintiff in error claims there was some overreaching in the sale of the property to W. D. Rourke. Nowhere is this allegation sustained by any

of the evidence in the record. In the response to the motion to dismiss, it is stated that the defendants did not admit the execution of the note and mortgage. The entire theory of defense in the trial court was based upon the admission of the execution of the note and mortgage and the allegation that the same was executed by fraud perpetrated upon the said W. D. Rourke. This court has held that where, from an examination of the record, the evidence introduced, and the brief of the parties, it is apparent upon the face thereof that the appeal is without merit and taken for delay only, the same will be dismissed. Damaras v. Dance, 164 Okla. 63, 22 P. (2d) 1035; Smith v. Pittsburgh Steel Co., 165 Okla. 225, 25 P. (d) 762; Knapp v. Commissioners of the Land Office, 162 Okla. 23, 18 P. (2d) 1050.

We note that the court attempted to grant a deficiency judgment in this case. The record does not disclose that the claim was ever presented to the administrator or that there is any basis for a deficiency judgment in this action, and in that respect the trial court is ordered to vacate and set aside that part of the judgment granting the deficiency judgment. In all other respects the action of the trial court is affirmed and the appeal of this cause is dismissed.