## GEISELMANN v. REMLING.

No. 25954.    Oct. 8, 1935.

George M. Frittz and Hughes & Dickson, for plaintiff in error.

Rizley & Sweet and Haskell Paul, for defendant in error.

PER CURIAM. This action was commenced in the justice of the peace court of Texas county to recover the possession of certain personal property under promissory note and chattel mortgage.

The affidavit in replevin fixed the amount at $199.50 and bill of particulars was filed praying for the possession of property or the value thereof, and in which prayer plaintiff prays for his costs, "including said attorney fees." The defendant made no defense other than to appear and object to the jurisdiction of the court for the reason that the bill of particulars by adding the attorney fees in the request for costs exceeded the jurisdictional amount of $200. On appeal to the district court and trial de novo, without objection on the part of either party, the jury returned a verdict for the possession of the property, and thereupon the court entered judgment as follows:

"It is further ordered, adjudged, and decreed that said property which is now in the possession of said defendant be immediately delivered to the said plaintiff, or his agent, in accordance with this judgment, and it is further ordered that plaintiff herein have judgment for his costs."

The attorney fees are not part of the costs of a replevin action, and the sole question in such action in the nature of the one brought here is for the possession of the property or the value thereof. Chadwell v. Brown, 88 Okla. 44, 211 P. 410; Wilson Motor Co. v. Dunn, 129 Okla. 211, 264 P. 194; Damaras v. Dance, 164 Okla. 63, 22 P. (2d) 1035. The request to be allowed the costs, including the attorney fees, was surplusage and was ignored in the verdict and the judgment of the court.

In our opinion the trial was fair and without prejudice to the defendant, who offered no defense to the action. The action was brought upon an affidavit which determined the jurisdictional amount in controversy. The judgment was upon a verdict which was for the possession of the property, to which the plaintiff was entitled without dispute.

We have examined the authorities cited in the brief of the plaintiff in error, and are of the opinion that they are not in point. The amount claimed in this case was not involved, as the only question before the court was the possession of the property or the value thereof, as no damage was alleged or attempted to be proved. Damaras v. Dance, supra.

The judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. BUSBY, J., absent.