At the outset of this appeal by a taxpayer from an adverse decision of the Court of Tax Review we are confronted with an objection to the consideration of the purported appeal on the ground that this court has no jurisdiction because no proper notice of appeal was given within the time provided by section 6 of Initiative Bill No. 100, section 12310, O S. 1931, 68 Okla. St. Ann. sec. 336. That section provides that appeals may be taken from the decision of the Court of Tax Review by either the protestant or the county if the party desiring to appeal "shall, within ten days after the filing of such decision of the court with the State Auditor, cause to be filed with the State Auditor a statement in writing that appellant does appeal."
The protest was heard November 8, 1937. On November 12, 1917, motion for rehearing and to set aside judgment was filed On December 7 1937, this motion for rehearing was overruled. On December 22, 1937, was filed a journal entry, dated December 7, 1937, as to overruling the motion and denying a rehearing. On the same date of December 22, 1937, there was filed a journal entry dated November 8, 1937, denying the protest. On November 19, 1937, a written notice of appeal was given from the "decision of the court overruling his protest as announced orally by the court November 8th." On December 17, 1937, there was filed a written notice of appeal from the judgment overruling the protest and also from the order and judgment overruling the motion to set aside said order and judgment overruling the protest.
If November 8, 1937, be taken as the date of judgment of the Court of Tax Review, the first notice of appeal was filed 11 days thereafter, or one day too late. November 19, 1937. If, however, the date of filing the journal entry be taken as the date, no notice of appeal thereafter was filed. The last notice of appeal was filed December 17th, five days before filing the journal entry. The statute does not permit oral notice, and contemplates filing written notice within ten days after filing of the decision. A notice filed before judgment is premature and avails nothing.
In the case of Hammels v. Kreig, 240 P. 348, the Supreme Court of Arizona states as follows:
"In Daggs v. Howard Sheep Co., 16 Ariz. 283, 145 P. 140, we had under consideration a motion for new trial filed too late; the law then being contained in paragraph 1478 of the Revised Statutes of 1901. Paragraph 590, supra, is an amendment of paragraph 1478, but the question we are now considering is unaffected by the amendment. We decided in that case that the terms of this law are mandatory and must be obeyed by the court as well as by the parties,' citing several Arizona cases for the rule. The motion for new trial was not made at any time provided by law; that is, 'after the rendition of judgment.' The limit of time for making the motion is as definite as language can make it. It must he made 'after,' and of course, 'within ten days,' of the rendition of judgment. A prematuremotion is therefore as ineffectual as one made too late. * * *" (Emphasis ours.)
We have hold that the appeal provisions of the statute are mandatory and that when our attention has been called to the fact that appellants have not complied with the provisions relating to appeals, by proceeding within the time provided by the statute, the appeal will be dismissed.
Protest of St. Louis-S. F Ry. Co., 164 Okla. 63. 22 P.2d 993. That case involved failure to file petition in error within ten days as required by the statute, but the same principle applies. Furthermore, in that case we said:
"It is contended in the motion to dismiss that the time for the filing of a notice of appeal should run from the date of the judgment. That contention is in conflict with the provision of section 12310, O. S. 1931, which provides for written notice of appeal to be filed 'within ten days after the filing of such decision of the court with the State Auditor.' The statute is controlling. We do not consider it necessary to discuss the reason for the statutory provision. * * *"
We find no provision in the statute for filing a motion for new trial or for filing a motion to vacate the judgment of the Court of Tax Review, or giving the right to appeal from any judgment rendered on said motion The ordinary rule is that the filing of an unauthorized motion does not prevent the running of time for perfecting an appeal. United States Fidelity 
Guaranty Co. v. Ham, 122 Okla. 261, 254 P. 100; Cannon v. Cannon, 170 Okla. 366, 40 P.2d 649.
The principle of the rule is applicable here. The motion had no effect. It may be noted, moreover, that the journal entry on the motion was not filed till December 22nd. If the term "ten days after the filing of such decision" means filing of a written decision in one case, it would in the other; and we *Page 213 
find no notice after December 22, 1937, in either case.
The objection to the jurisdiction is sustained, and the appeal is dismissed.
BAYLESS, V. C. J., and RILEY. WELCH, PHELPS, CORN, and HURST, JJ., concur. OSBORN, C. J., and DAVISON, J., absent.