**In the Matter of the ESTATE OF Clyde R. HEIMBACH, Deceased,**

**Daisy HEIMBACH, Appellant,**

v.

**Shirley M. GUINEY and Saundra M. Thornburg, Appellees.**

**No. 78750.**

Supreme Court of Oklahoma.

Feb. 10, 1992.

### ORDER

Appellees' motion to dismiss is denied with prejudice to its reargument. 12 O.S.1991 Supp. § 653 provides that a motion for new trial must be filed within ten days after the decision is rendered. Appellant's motion to modify, which was filed within ten days after the filing of the judgment, but more than ten days after its pronouncement, is *not* a timely post-judgment motion that would extend the appeal time until after the disposition of the motion. Appellees' motion to dismiss is nonetheless denied. This court will permit review of the underlying judgment. This is so because the changes in appellate procedure effected by the recent legislative enactments do present a veritable trap for the unwary, especially where, as here, there is no published case law on point. *Poafpybitty v. Skelly Oil Company*, 394 P.2d 515 (Okl.1964), *Isbell v. State of Oklahoma*, 603 P.2d 758, 760–61 (Okl.1979).

Today's ruling, insofar as it requires that new trial motions be filed within ten days of the pronouncement of a judgment or final order, *shall operate prospectively and apply to all final orders or judgments pronounced after the effective date of this order.* The effective date of this order will coincide with expiration of

time allowed for rehearing, or, if rehearing be filed, the date of its disposition.

OPALA, C.J., and LAVENDER, DOOLIN, ALMA WILSON and KAUGER, JJ., concur.