Joshua A. AVEN, Appellant,

v.

Richard L. REEH and Dr. Paul Inbody, Appellees.

No. 82865.

Supreme Court of Oklahoma.

July 19, 1994.

Joshua A. Aven, pro se.

Joseph R. Farris, Jody R. Nathan, Feldman, Hall, Franden, Woodard & Farris, Tulsa, for appellee Inbody.

Charles O. Hanson, Richard K. Holmes, Tulsa, for appellee Reeh.

SUMMERS, Justice.

The issue here is the timeliness of Plaintiff's appeal. Defendants claim the appeal came to this Court too late. We conclude that it came too early, and dismiss the appeal for prematurity.

■ Plaintiff brought a tort action in the District Court. Defendants filed motions for summary judgment.[1] On December 6, 1993 the trial court caused to be filed an instru-

---

1. One motion is titled a motion to dismiss and one a motion to dismiss and summary judgment. Both motions cite 12 O.S. § 2012(B)(6) and rely upon attached materials that are not part of the petition. We view these as motions for summary judgment. *Dyke v. Saint Francis Hospital, Inc.,* 861 P.2d 295, 298–299 (Okla.1993).

ment sustaining the motions with prejudice. This order was mailed to the parties on December 7, 1993. The petition in error was filed on January 10, 1994. Defendants' response to the petition in error argues that the appeal was four days late.

■ The dispositive issue at this time is whether the order of December 6, 1993 was appealable. The order of December 6, 1993 dismissing the case appears only as part of an order sheet, and its appearance is thus:

### IN THE DISTRICT COURT IN AND FOR TULSA COUNTY

### STATE OF OKLAHOMA

On this 6th day of Dec., 1993, the following matters in the designated cases came on for decisions, pursuant to the Rules of the District Court for Tulsa County. The Clerk of the Court is directed to notify counsel of record of the indicated decisions by mailing a copy of the ORDER to them and filing a copy of the ORDER in each case.

/s/ David L. Peterson J.
David L. Peterson
District Judge.

... CJ–93–4599 JOSHUA ALAN AVEN V. RICHARD REEH, et al.

Defendant Reeh and Inbody's motions to dismiss are granted with prejudice. Notice mailed to: Richard K. Holmes, Joe Faris, Joshua Aven.

The order sheet contains five entries concerning five different cases, and lists the names and addresses of all counsel of record.

The entries are followed by a certificate of mailing by a deputy court clerk.

■ An appealable order must contain the signature of the judge. If possible we follow the clear language of an instrument when construing it. *Lemons v. Lemons*, 205 Okla. 485, 238 P.2d 790, 792 (1951). The clear language of the order sheet shows that we have a judge-signed order to the clerk to notify counsel of certain action taken by the court and to file copies in each case. The action taken by the court in each case then appears in a series of minute entries following the above-mentioned order. A minute drafted by a clerk is not an order or judgment appearing of record.[2] We additionally note that pursuant to § 696.2(C), effective October 1, 1993, a minute entry is listed among those things not constituting a judgment, decree or appealable order.

■ The filing of a judgment or final order in the form as prescribed by statute begins the time to appeal. 12 O.S.Supp.1993 §§ 696.3, 990A. The minute entry showing dismissal in this case is not appealable. 12 O.S.Supp.1993 §§ 696.2(C), 696.3, 990A.

The entire court file is before us, and its examination shows that no instrument has been filed that meets the requirements of 12 O.S.Supp.1993 § 696.3.[3] Such a filed instrument is a jurisdictional predicate to an appeal. 12 O.S.Supp.1993 § 696.2. Its absence requires the dismissal of this appeal as premature. 12 O.S.Supp.1993 § 990A.

We note that § 696.2 referred to above requires that a judgment, decree or appealable order "shall be reduced to writing" in conformity with 12 O.S.Supp.1993 § 696.3.

---

2. *Elliott v. City of Guthrie*, 725 P.2d 861, 863 (Okla.1986); *Lillard v. Meisberger*, 113 Okla. 228, 240 P. 1067, 1069 (1925), (a clerk's minute noting that the court has overruled a motion for new trial is not an order appearing of record); *Render v. Henry Schafer, Inc.*, 198 Okla. 95, 175 P.2d 330 (1946), (no appeal could be prosecuted from a minute entry reflecting a motion for new trial was overruled when no journal was made of this entry, and court relied upon *Lillard, supra,*); *McCullough v. Safeway Stores, Inc.*, 626 P.2d 1332, 1335 n. 8 (Okla.1981), (record entry of judgment is not based upon a clerk's minute). *Cf. State v. Ford*, 573 P.2d 257, 258 (Okla.1977), (journal entry of judgment controls inconsistent minute).

3. Section 696.3(A) provides:

A. Judgments, decrees and appealable orders that are filed with the clerk of the court shall contain:
1. A caption setting for the name of the court, the names and designation of the parties, the file number of the case and the title of the instrument;
2. A statement of the disposition of the action, proceeding or motion, including a statement of the relief awarded to a party or parties and the liabilities and obligations imposed on the other party or parties;
3. The signature and title of the court; and
4. Any other matter approved by the court.

*See* 12 O.S.Supp.1993 § 696.2(A).[4] The trial court is vested with some discretion in directing counsel to prepare the judgment or order, and the time for its preparation. *Id.*

■ Our review of the record shows no order directing the preparation of a judgment in conformity with § 696.3. The record also shows that Plaintiff has made no request to the trial court to require the preparation and filing of such a judgment. At this time we decline to require the trial court to exercise its discretion in requiring the preparation of the judgment when no request to the trial court to act in this regard has been made.[5] This appeal is dismissed as premature.[6]

**4.** 12 O.S.Supp.1993 § 696.2 states in part (with footnote omitted and citation added):

After the granting of a judgment, decree or appealable order, it shall be reduced to writing in conformance with Section 10 [§ 696.3] of this act, signed by the court, and filed with the court clerk. The court may direct counsel for any party to the action to prepare a draft for the signature of the court, in which event, the court may prescribe procedures for the preparation and timely filing of the judgment, decree or appealable order, including, but not limited to, the time within which it is to be submitted to the court. If a written judgment, decree or appealable order is not submitted to the court by the party directed to do so within the time prescribed by the court, then any other party may reduce it to writing and submit it to the court.

**5.** Mandamus is based upon an official's refusal to perform a plain legal duty resulting from an office, trust or station. *State Highway Commission v. Green–Boots Construction Co.,* 199 Okla. 477, 187 P.2d 209, 213 (1948); *Jones v. Board of Ed. of City of Muskogee,* 90 Okla. 233, 217 P. 400, 402 (1923). No such refusal appears in the record and Appellant has not argued for the application of any exception to first seeking relief in the trial court.

**6.** Plaintiff appears to be in the custody of the Oklahoma Department of Corrections, and mailed the petition in error to this Court. Because of our holding on the prematurity of the appeal we need not discuss the time requirements for filing a petition in error by a prisoner. *See Woody v. State, ex rel. Dept. of Corrections,* 833 P.2d 257 (Okla.1992).

**1.** *See* 12 O.S.1991 § 24. Its terms are:

"Upon the journal record required to be kept by the clerk of the district court in civil cases ... shall be *entered* copies of the following instruments *on file:*

HODGES, C.J., and ALMA WILSON, KAUGER and WATT, JJ., concur.

LAVENDER, V.C.J., and SIMMS, HARGRAVE and OPALA, JJ., dissent.

OPALA, Justice, with whom LAVENDER, V.C.J., joins and SIMMS, Justice, joins in part, dissenting.

Concluding that the appellant's petition in error was prematurely brought, the court today holds that the filed memorial, here in contest, failed to meet the 12 O.S.1991 § 24[1] standards for entry on the journal and the 12 O.S.1993 § 696.3 criteria[2] for triggering appeal time. The court dismisses the *filed memorial* of the court's ruling of December 6, 1993[3] as a minute rather than a summary

1. All items of process by which the court acquired jurisdiction of the person of each defendant in the case; and
2. *All instruments filed in the case that bear the signature of the judge and specify clearly the relief granted or order made."* [Emphasis added.]

**2.** The pertinent terms of 12 O.S.1993 § 696.3, effective October 1, 1993, are:

"A. Judgments, decrees and appealable orders that are filed with the clerk of the court shall contain:
1. A caption setting forth the name of the court, the names and designation of the parties, the file number of the case and the title of the instrument;
2. A statement of the disposition of the action, proceeding, or motion, including a statement of the relief awarded to a party or parties and the liabilities and obligations imposed on the other party or parties;
3. The signature and title of the court; ...."

**3.** The pertinent terms of the memorial of December 6, 1993 are:

STATE OF OKLAHOMA
DISTRICT COURT IN & FOR TULSA COUNTY
ORDER
On this 6th day of Dec., 1993, the following matters in the designated cases came on for decisions, pursuant to the Rules of the District Court for Tulsa County. The Clerk of the Court is directed to notify counsel of record of the indicated decisions by mailing a copy of the *Order* to them and filing a copy of the *Order* in each case.
/s/ David L. Peterson
David L. Peterson
District Judge
CJ–93–4599 JOSHUA ALAN AVEN V RICHARD REEH, ET AL. Defendant Reeh and Inbody's motions to dismiss are granted with

**1072**

judgment.[4] I cannot accede to the court's reasoning.

## I

## THE SUBSTANTIVE CONTENT OF THE DECEMBER 6 MEMORIAL DETERMINES WHETHER IT QUALIFIES AS A SUMMARY JUDGMENT OR AS A MINUTE.

The meaning and effect of an instrument depends on its *substantive content*.[5] The filed paper clearly meets the attributes of a recordable memorial. Its content directs that the defendants be given the requested

prejudice. Notice mailed to: Richard K. Holmes, Joe Farris, Joshua Aven.

❖ ❖ ❖ ❖ ❖ ❖

*AFFIDAVIT OF MAILING*
I hereby certify that I have this 7th day of Dec., 1993 mailed a true and correct copy of the above decision(s) as ordered by the Court, and a true and correct copy was filed in each of the above foregoing cases.
　　SALLY HOWE–SMITH, Court Clerk
　　/s/ Marianne Moffett
　　　Marianne Moffett
　　　Deputy Court Clerk
[Emphasis added.]

4. Here the defendants in support of their motions to dismiss under 12 O.S.1991 § 2012(B)(6) submitted materials outside the record. Under our pleading regime (the Oklahoma Pleading Code, 12 O.S.1991 §§ 2001 et seq.), if a dismissal motion tenders for consideration any materials *dehors the pleadings in the case at bar, summary judgment procedure must be utilized. See in this connection, Dyke v. Saint Francis Hospital*, Okl., 861 P.2d 295, 299 (1993); *Norman v. Trison*, Okl., 832 P.2d 6, 8 (1992); *Silver v. Slusher*, Okl., 770 P.2d 878, 881 n. 8 (1988).

5. *Carter v. Carter*, Okl., 783 P.2d 969, 970 (1989); *Horizons, Inc. v. KEO Leasing Co.*, Okl., 681 P.2d 757, 759 (1984); *Amarex, Inc. v. Baker*, Okl., 655 P.2d 1040, 1043 (1983); *Knell v. Burnes*, Okl., 645 P.2d 471, 473 (1982); *Prock v. District Court of Pittsburg County*, Okl., 630 P.2d 772, 775 (1981); *Harry v. Hertzler*, 185 Okl. 151, 90 P.2d 656, 659 (1939); *Ginn v. Knight*, 106 Okl. 4, 232 P. 936, 937 (1925).

6. Minutes are nothing more than abbreviated memoranda of what takes place in court. *Hinshaw v. State*, 147 Ind. 334, 47 N.E. 157, 171 (1897); *State v. Larkin*, 11 Nev. 314, 321 (1876); *Gregory v. Frothingham*, 1 Nev. 253, 260 (1865). Ordinarily the deputy clerk, present in the courtroom, is the scrivener of the minutes although the judge also is authorized to draft minutes. *See* 12 O.S.1991 § 23, *infra* note 7.

relief—*i.e.*, dismissal with prejudice—and the "direction" is *signed* by the judge.

While both judgments and minutes[6] are *posted* on the appearance docket,[7] each has a distinct legal identity[8] and is *facially distinguishable from the other by its content and substance*.[9] A *"minute"* of a judge's courtroom ruling *internalizes* the event or proceeding by a short abstract to be posted *solely* on the court's *appearance docket*. It is not the event's *official proof.* For *external* use that proof is provided by the *"recordable"*[10] *memorial* that is *on file* in the case and entered on the journal.

7. *The documents required to be posted on the appearance docket* are identified in 12 O.S.1991 § 23. Its pertinent terms are:

"On the appearance docket he [the clerk of the district court] shall enter all actions in the order in which they are brought, the date of the summons, the time of the return thereof by the officer, and his return thereon, the time of filing the petition, and all subsequent pleadings and papers, and *an abstract of all judgments and orders of the court.* An abstract shall contain a very brief description of the order or judgment rendered. It must not be encumbered with a detailed recital of the terms. Proceedings other than those which culminated in an order or judgment shall not be abstracted into the appearance docket. Either the judge or the clerk may prepare an appearance docket entry in the form of a minute, or the content of the entry may be dictated either by the judge or clerk into an electronic recording device. The clerk shall transcribe onto the appearance docket all minute entries made and all the electronically-recorded abstracts." [Emphasis added.]

8. *Rodgers v. Higgins*, Okl., 871 P.2d 398, 407–408 (1993); *Hulsey v. Mid–America Preferred Ins. Co.*, Okl., 777 P.2d 932, 935 (1989); *Miller v. Miller*, Okl., 664 P.2d 1032, 1034 (1983); *McCullough v. Safeway Stores, Inc.,* Okl., 626 P.2d 1332, 1335 n. 8 (1981); *State v. Froese*, 200 Okl. 486, 197 P.2d 296, 298 (1948).

9. *See supra* note 3.

10. *"Recordable"* means that by force of § 24 an instrument meeting that section's criteria must be *entered* on or *"recorded"* in the court's journal. The clerk may "enter" only that which is *"on file"*. The § 24 concept of *"on file"* is distinguishable from the § 696.3 concept of *"filing"*. *"On file"* means that the paper is kept [according to the mandate of 12 O.S.1991 § 29] within a folder or jacket in the clerk's office. *"Filing"* of the instrument signifies its *delivery to the clerk* for

Minutes are never a fit substitute for a judge's recordable entry.[11] Record entry of orders or judgments may *never* be accomplished *by the clerk's minutes or by unsigned (or initialed) entries later posted on the appearance docket.*[12] While a judge, much like a courtroom deputy clerk, may write minutes for posting on the appearance docket, *once the minutes are signed by the judge and meet the criteria prescribed in § 24, they are at once, by force of law, transmuted into recordable memorials.* After September 30, 1993 the filing of a *recordable memorial* meeting the § 696.3 criteria—in this case the December 6 summary judgment—begins the 12 O.S.1991 § 990A[13] *countdown for commencing an appeal.*

The December 6 entry's content and substance *qualify it as a summary judgment rather than a minute.* If the four corners yielded no more than an unsigned or initialed recitation of the events that transpired at trial,[14] my conclusion would be different. The judge-signed instrument in contest clearly grants the defendants summary judgment, judicially determining the parties' rights in

entry or preservation. *See Rodgers, supra* note 8 at 408–409.

11. *Elliott v. City of Guthrie,* Okl., 725 P.2d 861, 863 (1986); *Chamberlin v. Chamberlin,* Okl., 720 P.2d 721, 723 (1986); *Miller, supra* note 8 at 1034; *Wetsel v. Independent School District I–1,* Okl., 670 P.2d 986, 993 (1983); *McCullough, supra* note 8 at 1335.

12. Case law antedating October 1, 1993 uniformly required that memorials to be entered upon the journal record (1) bear the judge's full signature and (2) contain a clear indication of the relief afforded. *Martin v. Lib. Nat. Bank & Trust,* Okl., 839 P.2d 179, 180 (1992).

13. The pertinent terms of 12 O.S.1991 § 990A are:

"A. An appeal to the Supreme Court may be commenced by filing a petition in error with the Clerk of the Supreme Court within thirty (30) days from the date the final order or judgment is filed."

\* \* \* \* \* \*

14. A trial court's minutes are no more than a trustworthy *chronicle of events transpiring in the course of proceedings in a case. Bush v. Bush,* 158 Kan. 760, 150 P.2d 168 (1944).

15. *Carr v. Braswell,* Okl., 772 P.2d 915, 917 (1989); *Hurley v. Hurley,* 191 Okl. 194, 127 P.2d

the action. *By application of the §§ 24 and 696.3 standards, the December 6 judgment is recordable and, once filed, triggers appeal time.* It precludes all further inquiry into the issues joined by the pleadings.[15] Nothing remains to be done.[16] *Facial examination* of this instrument does not reveal any indication that the judge intended a more complete instrument to follow.[17] In short, the December 6 entry is the filed judgment[18] which may *not* be transmogrified into a minute by the *judge signing the memorial at a place other than the bottom of the instrument.*

## II

## JUDGES ARE REQUIRED TO SIGN, NOT SUBSCRIBE, INSTRUMENTS TO MAKE THEM FIT FOR ENTRY ON THE COURT'S JOURNAL.

The court voids the filed and recorded December 6 judgment[19] by holding it to be an ineffective memorialization of the ruling, a mere minute. Today's opinion rests on the conclusion that because the instrument is

147, 150 (1942); *Wells v. Shriver,* 81 Okl. 108, 197 P. 460, 465 (1921).

16. *Wells, supra* note 15, 197 P. at 460 n. 3; *Foreman v. Riley,* 88 Okl. 75, 211 P. 495 n. 4 (1923).

17. A judge's *letter* to the parties announcing his *intention to decide the cause for the plaintiff* and *requesting the parties to prepare a journal entry* memorializing the decision is *not* a judgment. *Green v. Mee,* 197 Okl. 562, 173 P.2d 217, 218 (1946). *See also* the Oct. 4, 1993 *unpublished* opinion in *Taylor Estates v. Meridian Oil, Inc.,* Cause No. 81,789 consolidated with No. 82,010; July 18, 1992 *unpublished* opinion in *Caswell v. Caswell,* Cause No. 79,463. In the cited cases, where the court was called upon to decide which of two writings was the judgment, it was facially apparent from the first writing that the judge intended a later memorial to be the judgment. Here, the December 6 instrument not only meets all the attributes of a judgment, but also facially lacks any indication that the trial court did not intend the writing to be its judgment.

18. *See* 12 O.S.1991 § 990A, *supra* note 13, which provides that the filed judgment triggers appeal time.

19. *See supra* note 3 for the pertinent terms of the court's judgment.

signed, but not "subscribed",[20] by the trial judge, it is a minute. There is no basis in law for this court-imposed requirement of subscription.[21] The common law defines *"signature"* as the placement of a name *anywhere* upon a document for the purpose of authenticating it.[22] Here the nisi prius judge's *signature* authenticates the judgment on the face of the memorial. It hence meets the § 24 requirement for entry on the journal.

## III

## BECAUSE THE DECEMBER 6 SUMMARY JUDGMENT COMPLIES SUBSTANTIALLY WITH THE REQUIREMENTS OF § 696.3, IT TRIGGERS APPEAL TIME

It is the *filing* of an instrument that *substantially* complies with the § 696.3 criteria[23] which triggers appeal time under that section's most recent (1993) version.[24] The memorial[25] in contest facially includes the name of the court, the designation of the parties, the file number of the case, a title ["Order"], the relief granted, and the signature of the judge. *It substantially satisfies the § 696.3 criteria for triggering appeal time.*

## IV

## CONCLUSION

The court today construes § 696.3 as requiring that the conforming *memorial* not only must be signed by the judge but also must be "subscribed". It engages in *indiscriminate labeling* by holding that the nisi prius memorial of the December 6 summary judgment is a minute. A memorial of a judgment, which meets *substantially* the criteria of *both 12 O.S.1991 § 24 and 12 O.S. 1993 § 696.3*, should be recognized as *the sole recordable entry* for the judgment roll which memorializes the decision and triggers appeal time. Judgments and orders failing to meet both sections' standards should not be recorded. As the December 6 memorial substantially satisfies the § 696.3 criteria for filing, it is hence the appeal-time trigger.

I would not dismiss the appeal but would apply my analysis prospectively to govern only those cases in which the appealable event occurs after the effective date of this pronouncement.[26]

SIMMS, Justice, dissents to majority and joins OPALA, Justice, in part:

I join Opala, J., except for that portion of his writing which would give prospective ef-

---

**20.** Subscription is the writing of one's name *beneath or at the end of the instrument. Munson v. Snyder*, Okl., 275 P.2d 249, 250, 252 (1954); *Wilson v. Polite*, 218 So.2d 843, 849 (Miss.1969); *In re George's Estate*, 208 Miss. 734, 45 So.2d 571, 573 (1950); *Corporation Commission v. Wilkinson*, 201 N.C. 344, 160 S.E. 292, 294 (1931); *Attorney General v. Clarke*, 26 R.I. 470, 59 A. 395, 396 (1904).

**21.** The clerk is required by § 24 [*supra* note 1] to enter "all instruments filed in the case that bear the *signature* of the judge...." [Emphasis added.]

**22.** *In re Thomas' Estate*, 243 Mich. 566, 220 N.W. 764, 765 (1928); *Drury, et al. v. Young*, 58 Md. 546, 553–54 (Md.1882); *Smithdeal v. Smith*, 64 N.C. 52, 53 (N.C.1869); *Anderson v. Harold*, 10 Ohio 400, 402 (Ohio 1841); *Schneider v. Norris* (1814), 105 Eng.Rep. 338. The common law distinguishes *signature* from *subscription* by the fact that the former is not "confined to the writing of the name at the bottom of the paper." *Loughren v. B.F. Bonniwell & Co.*, 125 Iowa 518, 101 N.W. 287 (1904).

**23.** *See supra* note 2 for the § 696.3 requirements.

**24.** *See* 12 O.S.1993 § 696.2(C). Its pertinent terms state:

> "The *filing with the court clerk* of a written judgment, decree or appealable order, prepared in conformance with Section 10 of this act [12 O.S.1993 § 696.3] and signed by the court, shall be a jurisdictional prerequisite to the commencement of an appeal." [Emphasis mine.]

**25.** *See supra* note 3 for this instrument's text.

**26.** Since the counsel I offer addresses a less than crystal-clear point of procedure, it should be applied prospectively under the teachings of *Poafpybitty v. Skelly Oil Company*, Okl., 394 P.2d 515, 520 (1964), and its progeny. *See Hale v. Bd. of Cty. Com'rs. of Seminole Cty.*, Okl., 603 P.2d 761, 764 (1979); *Isbell v. State, Etc.*, Okl., 603 P.2d 758, 760 (1979) (Opala, J., concurring specially); *Heimbach v. Guiney*, Okl., 827 P.2d 170 (1992).

fect only to his proposed disposition. I find the law on the subject presently clear.

KAUGER, Justice, concurring:

Although I concur with the majority, there are other serious defects concerning the December 6, 1993 order sheet. Effective October 1, 1993, 12 O.S.1993 § 696.2 mandated, as a jurisdictional perquisite, that a judgment or appealable order be in the form required by 12 O.S.Supp. § 696.3(A). All judgments, decrees and appealable orders which are filed with the clerk of the court must contain:

1. A caption setting forth the name of the court, the names and designation of the parties, the file number of the case and the title of the instrument;

2. A statement of the disposition of the action, proceeding or motion, including a statement of the relief awarded to a party or parties and the liabilities and obligations imposed on the other party or parties;

3. The signature and title of the court; and

4. Any other matter approved by the court.

The order does *not* comply with § 696.-3(A). The caption contains the name of the court and the names of two of the parties, but not the name of a third party, Dr. Paul Inbody. Nor is there a designation of the parties as required by § 696.3(A)(1). This order is not in the form required of a judgment or appealable order.