Dan BROWN and Jana Brown, Appellants,

v.

GREEN COUNTRY SOFTBALL ASSO-CIATION, Willa Brantley, and Derrick Massengale, Appellees.

No. 82973.

Supreme Court of Oklahoma.

Nov. 10, 1994.

Earl W. Arnold, Tulsa, for appellants.

Joseph A. Sharp, John H.T. Sheridan, and Timothy E. Tipton, Tulsa, for appellees.

SUMMERS, Justice.

Defendants' motion for summary judgment was sustained and Plaintiff appeals. Defendants move to dismiss the appeal as out of time. The question is whether a Motion for New Trial filed on November 1, 1993 was timely to extend the commencement of time to appeal. We hold that it was for the reason that we give our ruling prospective application in part, but on our own motion dismiss the appeal as premature.

## CHRONOLOGY OF THE PROCEDURE

Plaintiffs sued in the District Court of Tulsa County for damages caused by one of them being struck by a softball. On October 21, 1993 the trial judge sustained Defendants' Motion for Summary Judgment, and caused to be filed an order sheet so holding. Plaintiff filed a "motion for rehearing" on Monday, November 1, 1993. On November 23 the judge signed and caused to be filed a Journal Entry of Judgment. Then on January 4, 1994 the motion for rehearing was denied. Plaintiffs' petition in error was filed February 1, 1994.

## CHRONOLOGY OF THE CHANGES IN THE LAW

■ The time for filing Motions for New Trial is set in 12 O.S. § 653. Such a motion extends the commencement of time to appeal only if it is timely filed. *Timeplan Corporation v. O'Connor,* 461 P.2d 935 (Okla.1969); *Estate of Heimbach,* 827 P.2d 170 (Okla. 1992). The section has undergone two recent significant amendments.

Prior to October 1, 1993, the 1991 version of § 653 authorized the filing of a Motion for New Trial within ten days after the date the "decision was *rendered....*" (Emphasis added.) But a change in § 653 effective October 1, 1993 (and thus effective when Plaintiffs filed their Motion November 1, 1993) provided that the motion must be filed "within ten days after the judgment, decree or appealable order prepared in conformance with section 10 [1] of this act has been *filed....*" (Emphasis added.)

The most recent amendment is found in the Okla. Session Laws 1994 Ch. 343 § 1, effective September 1, 1994, by which § 653 now states "an application for a new trial, if made, must be filed not later than ten (10) days after the judgment, decree or appealable order prepared in conformance with Section 696.3 of this title has been filed,...." It goes on to provide that if a new trial motion is filed after the judge's pronouncement, but before the filing of a judgment, the motion will be "deemed filed" immediately after the filing of the judgment.

## TIMELINESS OF THE APPEAL

Looking then at the law in effect for this case the first issue is whether the order of October 21, 1993 was an appealable order. The order was in the form of a minute appearing on an order sheet, and we have recently held such order sheet entries to be not appealable. *Aven v. Reeh,* 878 P.2d 1069 (Okla.1994); *Marshall v. OK Rental & Leasing, Inc.,* 879 P.2d 132 (Okla.1994). A judgment or appealable order must be in the form specified by 12 O.S.Supp.1993 § 696.3 as a "jurisdictional prerequisite" to the commencement of an appeal. 12 O.S.Supp.1993

§ 696.2(C). *Mansell v. City of Lawton,* 877 P.2d 1120 (Okla.1994).

A Journal Entry of Judgment was filed on November 23, 1993. Examination of that instrument shows it to be in the form that complies with § 696.3. Thus, the time to appeal would ordinarily have begun to run from that date. See 12 O.S.Supp.1993 § 990A(A), where it is stated that an appeal is commenced by filing a petition in error in this Court within thirty days of the date the judgment or appealable order is filed with the clerk of the trial court. No petition in error was filed in this Court within thirty days of November 23, 1993. This would ordinarily end our inquiry as to the timeliness of the appeal, but the issue then becomes whether the "motion for rehearing" in the trial court extended the time to appeal.

Section 653, as in effect during November, 1993, plainly states that an application for a new trial "if made, must be filed within ten days *after*" the date that the instrument bearing the characteristics of § 696.3 is filed with the clerk of the trial court. (Emphasis added.)

■ Generally, when a motion must be filed during a specified period a prematurely filed motion will not ripen into one properly filed. *Porter v. Tayer,* 385 P.2d 808, 815 (Okla.1963); *Barrows v. Cassidy,* 113 Okl. 114, 239 P. 581, 582 (1925). We also recognize that filing an unauthorized motion will not extend the time for an appeal. *Protest of Sweeney,* 183 Okla. 211, 80 P.2d 582, 583 (1938); *Cannon v. Cannon,* 170 Okla. 366, 40 P.2d 649 (1935); *United States Fidelity & Guaranty Co. v. Ham,* 122 Okla. 261, 254 P. 100, 101 (1927). Pursuant to *Porter v. Tayer, supra,* a premature Motion for New Trial has the same effect as a Motion for New Trial filed too late, and a late motion will not extend the time to appeal from a judgment. *Estate of Heimbach,* 827 P.2d 170 (Okla. 1992). The motion for rehearing or new trial came before the Journal Entry was filed, was thus premature, and of no effect under prior opinions of this Court.

---

1. The reference to section 10 refers to 12 O.S.Supp.1993 § 696.3.

■ But the law then in effect was the result of a very recent change. The 1993 version of § 653 had become effective only on October 1, 1993. Prior to that date the 1991 version of § 653 was in effect, which authorized the filing of a motion for new trial within ten days after the date the "decision *was rendered*". (Emphasis added.) The decision here was rendered on October 21, 1993, and the Motion for New Trial would have been timely under the former statute.

In *P & H Oilfield Service, Inc. v. Spectra Energy Corp.*, 823 P.2d 365 (Okla.1991) we recognized that certain recent statutory changes in appellate procedure were likely to be traps for the unwary, and we declined to dismiss the appeal by giving our pronouncement therein prospective application. In *Estate of Heimbach*, 827 P.2d 170 (Okla.1992) we applied this prospectivity rule to time limits for filing Motions for New Trial. The motion there was filed within ten days after the filing of the judgment, but more than ten days after its pronouncement. See also *Manning v. State ex rel. Dept. of Public Safety,* 876 P.2d 667 (Okla.1994). We likewise hold that today's ruling, insofar as it requires new trial motions filed between October 1, 1993 and September 1, 1994 to be filed within ten days after the filed judgment, shall operate prospectively from and after mandate in this case. Defendants' motion to dismiss is denied.

■ Concluding that the Motion for New Trial extended the time to appeal does not save this appeal from dismissal. The order of January 4, 1994 denied the Motion for New Trial. That order was in the form of an order sheet. The order sheet does not satisfy the form required for an appealable order under 12 O.S.Supp.1993 §§ 696.2, 696.3. *Aven v. Reeh, supra; Marshall v. OK Rental & Leasing, Inc., supra.* The record before us is devoid of an appealable order overruling the Motion for New Trial. Thus, the petition in error is dismissed as premature.

HODGES, C.J., and ALMA WILSON, KAUGER, SUMMERS and WATT, JJ., concur.

LAVENDER, V.C.J., concurs by reason of stare decisis.

SIMMS and HARGRAVE, JJ., concur in part, dissent in part.

OPALA, J., dissents.

OPALA, Justice, with whom SIMMS and HARGRAVE, Justices, join, dissenting.

While I concur in today's conclusion that appellants' motion for new trial, though *prematurely filed,* may be deemed legally *effective in this action's scenario,* I cannot accede to the court's view that the January 14, 1994 nisi prius order *did not* trigger appeal time. That order is without a doubt *recordable* (when measured by the standards of 12 O.S. 1991 § 24)[1] and *substantially* meets *all* the requirements in 12 O.S.Supp.1993 § 696.3[2] for an appealable memorial. For a detailed explanation of my views upon this point, see

---

1. "Recordable" means that by force of 12 O.S. 1991 § 24 an instrument meeting that section's criteria must be *entered* on or *"recorded"* in the court's journal. The clerk may "enter" only that which is *"on file"*. The pertinent terms of 12 O.S.1991 § 24 are:
"Upon the journal record required to be kept by the clerk of the district court in civil cases ... shall be *entered* copies of the following instruments *on file:*
1. All items of process by which the court acquired jurisdiction of the person of each defendant in the case; and
2. *All instruments filed in the case that bear the signature of the judge and specify clearly the relief granted or order made."* [Emphasis added.]

2. The pertinent terms of 12 O.S.Supp.1993 § 696.3, effective October 1, 1993, are:
"A. Judgments, decrees and appealable orders that are filed with the clerk of the court shall contain:
1. A caption setting forth the name of the court, the names and designation of the parties, the file number of the case and the title of the instrument;
2. A statement of the disposition of the action, proceeding, or motion, including a statement of the relief awarded to a party or parties and the liabilities and obligations imposed on the other party or parties;
3. The signature and title of the court; ...."

*Aven v. Reeh*[3] and *Marshall v. OK Rental and Leasing, Inc.*[4]

---

**3.** *Aven v. Reeh,* Okl., 878 P.2d 1069, 1071 (1994) (Opala, J., dissenting).

**4.** *Marshall v. OK Rental and Leasing, Inc.,* Okl., 879 P.2d 132, 134 (1994) (Opala, J., dissenting).