2013 OK CIV APP 17

**STILLWATER NATIONAL BANK & TRUST COMPANY, a national banking association, Plaintiff/Appellee,**

v.

**Justin A. COOK, d/b/a Cook & Associates Engineering, Inc., and Cook & Associates Engineering, Inc., an Oklahoma corporation, Defendants, PSA–Dewberry, Inc., a foreign corporation, Defendant/Appellant.**

**No. 108,493.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Nov. 30, 2012.

---

David W. Kirk, Lytle, Soulé & Curlee, P.C., Oklahoma City, Oklahoma, for Appellant.

Jared D. Giddens, Connor & Winters, L.L.P., Oklahoma City, Oklahoma, for Appellee.

LARRY JOPLIN, Vice–Chief Judge.

¶ 1 Defendant/Appellant PSA–Dewberry, Inc., a foreign corporation (Architect), seeks review of the trial court's post-judgment order granting prevailing party attorney's fees to Plaintiff/Appellee Stillwater National Bank & Trust Company, a national banking association (Bank), for its successful defense of Architect's action to impose and enforce a mechanic's and materialman's lien. In this appeal, Architect complains the trial court erred in granting attorney's fees because Plaintiff did not timely re-apply for such an award after denial of its initial request.

¶ 2 Bank's debtor, a land developer, obtained a loan to build a shopping mall, and employed Architect to perform $1.4 million in design services for use in the mall construction. Architect allegedly performed over $500,000.00 worth of design services, and to secure payment for the services rendered, Architect filed a mechanic's and materialman's lien on the property.

¶ 3 Before commencement of any construction, however, the developer defaulted on the loan, and conveyed the property to Bank in lieu of foreclosure. Bank then commenced the instant action to quiet title, and argued that, absent work actually done on the land

pursuant to plans prepared by Architect, Architect had no valid lien claim.

¶4 The trial court granted judgment to Bank on the lien claim February 5, 2010, and, on February 16, 2010, Architect filed a motion to reconsider. Bank filed an application for an award of prevailing party attorney's fees and costs March 12, 2010. By order dated March 19, 2010, the trial court denied Architect's motion to reconsider; in that order, the trial court further stated: "Attorney fees and costs are denied at this time but will be reconsidered upon application." Architect then commenced its appeal from the judgment on the merits. *Stillwater National Bank and Trust Co. v. Cook.*

¶5 On April 12, 2010, the trial court issued a Notice of Hearing, mailed to the parties, stating: "[Bank's] Motion for Attorney Fees and Costs is set on 4–28–2010 at 10:00." By "Agreed Scheduling Order" filed "jointly by Plaintiff [Bank] and the Defendant [Architect]" on May 3, 2010, the parties agreed "the Motion [for Attorney's Fees and Costs] is properly at issue before the Court and shall be heard on Thursday, June 3, 2010 at 10:00 a.m."

¶6 Architect subsequently filed an objection to Bank's application for Attorney's Fees and Costs, again arguing Bank had not timely applied for such an award. Architect argued that Bank's initial application, filed prior to the trial court's ruling on its motion to reconsider, was premature, and that, because Bank never re-filed its application for Attorney's Fees and Costs after the trial court's denial of its motion to reconsider, Bank's application did not constitute a timely request required by § 696.4(B). Bank responded, and argued Architect did not earlier object to the timeliness of the filing of its application for attorney's fees and costs, and thus waived any objections it might have.

¶7 At the hearing on Bank's application, the trial court noted from the bench:

We are going to move on because I think the Court is partially responsible for the confusion here. I did not deny the motion for attorney fees.

. . .

At the time I signed [the order denying the motion to reconsider] I had every intention to hear the motion and application for attorney's fees, [but] I just felt it was not the proper time.

The trial court granted Bank's application for attorney's fees and costs, holding Bank's application was timely filed. Architect then commenced this appeal.

¶8 The Court of Civil Appeals affirmed the trial court's order on the merits, and the Supreme Court denied Architect's Petition for Certiorari. *Stillwater National Bank and Trust Co. v. Cook,* 2011 OK CIV APP 87, 257 P.3d 427. The decision of the Court of Civil Appeals constitutes law of the case. *See, e.g., Dean v. Multiple Injury Trust Fund,* 2006 OK 78, ¶6, 145 P.3d 1097, 1100. The decision of the Court of Civil Appeals conclusively establishes Bank to be the prevailing party on Architect's lien claim under 42 O.S. §§ 141, et seq. So, unless prevented by some other provision, it would appear Bank is entitled to an award of attorney's fees and costs under 42 O.S. § 176, and the trial court committed no error of law or abuse of discretion in so holding.

¶9 In this respect, Architect complains that 12 O.S. § 696.4(B) requires the filing of a post-judgment motion for attorney's fees not more than thirty days after filing of the journal entry of judgment on the merits, or, if reconsideration is sought, not more than thirty days after filing of the journal entry denying the motion to reconsider:

A. A judgment, decree or appealable order may provide for costs, attorney fees, or both of these items, but it need not include them. The preparation and filing of the judgment, decree, or appealable order shall not be delayed pending the determination of these items. Such items may be determined by the court if a timely request is made, regardless of whether a petition in error has been filed.

B. If attorney fees or costs, including the amount of such attorney fees or costs have not been included in the judgment, decree or appealable order, a party seeking any of these items must file an application with the court clerk along with the proof of service of the application on all

404

affected parties in accordance with Section 2005 of this title. The application must set forth the amount requested and include information which supports that amount. The application must be filed within thirty (30) days after the filing of the judgment, decree or appealable order unless a post-trial motion pursuant to subsection A of Section 990.2 of this title has been filed within ten (10) days after the filing of the judgment, decree, or appealable order. If such a motion is filed within that time, the application for attorney fees, costs, or interest shall be filed within thirty (30) days after the date an order disposing of the posttrial motion is filed. If the party filing the application did not prepare the judgment, decree, or appealable order, and Section 696.2 of this title required a copy of the judgment, decree, or appealable order to be mailed to the party filing application, and the court records do not reflect the mailing of a copy of the judgment, decree, or appealable order to the party filing the application within three (3) days, exclusive of weekends and holidays, after the filing of the judgment, decree, or appealable order, the application may be filed no later than thirty (30) days after the earliest date on which the court records show that a copy of the judgment, decree, appealable order, or order disposing of the posttrial motion was mailed to the party filing the application. For good cause shown, the court may extend the time for filing the application upon motion filed within the time that the application could be filed. Within fifteen (15) days after the application is filed with the court, any party may file written objections to it, with a copy to the moving party.

12 O.S. Supp.2010 § 696.4. Architect points out that Bank filed its initial application for attorney's fees prior to the final determination of its motion to reconsider, i.e., prior to the final determination of the prevailing party; that the trial court denied that application at the time it denied Architect's motion to reconsider; and Bank never refiled its application for attorney's fees and costs.

¶ 10 It has been previously recognized that, "[g]enerally, when a motion must be filed during a specified period a prematurely

filed motion will not ripen into one properly filed." *Brown v. Green Country Softball Ass'n*, 1994 OK 124, ¶ 9, 884 P.2d 851, 852. Indeed, there has been much confusion in these areas, and the relevant statutes have since been amended to eliminate these "traps" for the unwary practitioner. *See, e.g., Bushert v. Hughes*, 1996 OK 21, ¶¶ 3–6, 912 P.2d 334, 336–337; *Meadows v. Pittsburg County Bd. of County Com'rs*, 1995 OK 65, ¶¶ 5–7, 898 P.2d 741, 742; *Brown*, 1994 OK 124, ¶¶ 10–11, 884 P.2d at 853; 12 O.S.2001 § 653(c).

¶ 11 On the provisions of 696.4(B), the Oklahoma Supreme Court observed nearly ten years ago:

Section 696.4(B) sets one deadline—30 days after the filing of a judgment—for two distinct acts: the act of applying for fees and costs, and the act of moving for an extension of time within which to apply for fees and costs. In other words, it requires that within 30 days after the filing of a judgment, a party must either apply for fees and costs or move for an extension of time to apply for fees and costs. Section 696.4(B) is silent about the consequences of failing to meet the 30-day deadline.

*Humphries v. Lewis*, 2003 OK 12, ¶ 5, 67 P.3d 333, 335. (Citations omitted.) Section 696.4(B) is likewise silent about the consequences of filing an application for fees and costs *before* the 30-day deadline begins to run.

¶ 12 In this respect, we are bound to give the plain language of a statute its plain meaning. *See, e.g., Oklahoma City Zoological Trust v. State ex rel. Public Employees Relations Bd.*, 2007 OK 21, ¶ 6, 158 P.3d 461, 464. "Courts must 'if possible, construe a statute to give every word some operative effect' and vigorously 'resist reading words or elements into a statute that do not appear on its face.'" *Id.*

¶ 13 As a matter of the plain language of § 696.4(B), we read nothing in § 696.4(B) which treats the filing of an application for attorney's fees and costs *prior* to the filing of the final order on the merits or *prior* to the final order on a motion for post-judgment

relief as *fatal* to consideration of the application *after* the filing of the final order on the merits, or *after* the filing of the final order on the motion for post-judgment relief. In such a case, it would seem to us that the trial court possesses the discretion to reserve ruling on the application for attorney's fees and costs until the final decision on the merits and/or a request for post-judgment relief has been rendered, and the final order prepared in accord with 12 O.S. §§ 696.2 and 696.3, signed by the judge and filed with the clerk of the court. To hold otherwise would foster the repetitive and wasteful filing and refiling of matters already in front of the court.

¶ 14 In the present case, the trial court granted judgment to Bank, and the Court of Civil Appeals affirmed. The decision of the Court of Civil Appeals constitutes law of the case, and conclusively determines Bank to be the prevailing party. As prevailing party on Architect's lien claim, Bank was then entitled to seek an award of prevailing party attorney's fees and costs under 42 O.S. § 176. Section 696.4(B) *mandated* that Bank seek such an award *not later than* thirty days after the date of filing of the journal entry of judgment on the merits, or *not later than* thirty days after the date of filing of the journal entry of judgment on Architect's motion for post-judgment relief, but imposed no sanction on its face for the early filing of such an application.

¶ 15 That said, it is clear the trial court intended to reserve ruling on Bank's application for fees and costs until after it disposed of Architect's motion for post-judgment relief, and we hold the trial court possessed the discretion to so proceed. *See, e.g., Flandermeyer v. Bonner,* 2006 OK 87, ¶ 15, 152 P.3d 195, 200.[1] Under the circumstances of this case, we further hold the trial court did not abuse its discretion in the manner in which it handled and addressed Bank's application for attorney's fees and costs after it disposed on Architect's motion for post-judgment relief.

¶ 16 The order of the trial court is AFFIRMED.

BUETTNER, P.J., and GOREE, J., concur.

---

1. "[B]alanced against the obligation of the trial court to afford the parties a speedy and certain remedy is its need to control the docket and to facilitate the orderly flow of business. A trial court has the power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." (Footnotes omitted.)