**Pamela J. CORBIT, now Pamela Harris, Appellant,**

v.

**Garry WILLIAMS and State of Oklahoma, ex rel. Department of Human Services, Appellees.**

**No. 82733.**

Supreme Court of Oklahoma.

May 23, 1995.

---

Beverly Quarles Watts, Edmond, for appellant.

M. Joe Crosthwait, Jr., Midwest City, for appellee Garry Williams.

Randy Henning, Oklahoma City, for appellee Dept. of Human Services.

SUMMERS, Justice.

This is an appeal from an order denying a motion to vacate a judgment. Because the order appealed from is on a form titled "Court Minute", and we have not been furnished with an order of the trial court meeting the form for appealable orders required by the recent statutory changes, we dismiss the appeal as premature.

The trial was for back-due child support, modification of child support, and contempt. The court modified child support, and determined the amount owed by Defendant Williams to the State of Oklahoma for A.F.D.C. support expended by the State. It determined that the Defendant owed Plaintiff $5,145.70 for child support arrearage. The order was filed on September 9, 1993.

On October 8, 1993 Plaintiff filed a combined motion for new trial and motion to vacate the order of September 9, 1993. Plaintiff argued that because her motion was filed within thirty days of the order the court could vacate, modify, or amend the order. On November 16, 1993 the trial court filed an order that denied the motion to vacate. The petition in error was filed in this Court on December 15, 1993.

■ Our consideration of this appeal must be limited to the trial court's order in denying the motion to vacate. A motion for new trial authorized by 12 O.S.1991 § 653 will not extend the time to appeal from the judgment if the motion is filed after the ten-day statutory period for such motions. *Estate of*

*Heimbach*, 827 P.2d 170 (Okla.1992).[1] Plaintiff's counsel on appeal (different from that at trial) is correct in stating that the post-judgment motion did not extend the time to appeal the judgment of September 9, 1993. This appeal is limited to challenging the trial court's order of November 16, 1993 on Plaintiff's motion to vacate the judgment. *Schepp v. Hess*, 770 P.2d 34, 36 n. 2 (Okla.1989).

The order denying the motion to vacate is on a printed form titled "Court Minute". We have explained that recent statutory changes effective October 1, 1993 made minute entries an unappealable form for a filed judgment. *Mansell v. City of Lawton*, 877 P.2d 1120 (Okla.1994); *Aven v. Reeh*, 878 P.2d 1069 (Okla.1994). We requested a response from Plaintiff on the applicability of *Mansell*.

■ Plaintiff, in asserting that this particular minute order was appealable, argues that this Court looks to the substance of an instrument and not its form. Generally speaking, she is correct. "[F]orm does not rule over substance in evaluating documents filed in this Court." *Markwell v. Whinery's Real Estate, Inc.*, 869 P.2d 840, 847 (Okla. 1994). We followed this principle in *Manning v. State ex rel. Dept. of Public Safety*, 876 P.2d 667, 669–671 (Okla.1994) and explained that a "court minute" could be a filed judgment, in a decision where the minute predated the statutory changes effective October 1, 1993.

However, the Legislature has taken considerable trouble to declare that it *is* the form that shall determine whether a judge-signed instrument starts appeal time. The recently enacted 12 O.S.Supp.1993 § 696.3 states that a filed judgment must be in a certain form to be appealable. The court minute in this case contains a caption setting forth the name of the court, the names and designations of the parties, the file number of the case, a title, a disposition of the action and the relief awarded, and the signature and title of the court. This minute facially meets the requirements of § 696.3.

But since October 1, 1993 certain types of instruments are deemed to not be a "judgment, decree or appealable order" for the purpose of commencing the time to appeal. 12 O.S.Supp.1993 § 696.2(C). One of these is a "minute entry."[2] Pursuant to § 696.2(C) a minute entry, even though it might meet the other requirements of § 696.3, is not an appealable order or judgment.

■ Plaintiff's interpretation of § 696.2 is that some court minutes are appealable while others are not. She would have us examine the content of each instrument bearing a "minute" label to determine its appealability. It is clear to us that the legislature wants a brighter line to distinguish appealable orders from non-appealable ones than we have recognized in the past. We believe this is a useful reform, with one of its aims to reduce the amount of judicial energy expended on determining when time to appeal starts to run. We therefore decline this invitation to create a body of caselaw delineating the type of minutes that are appealable. We conclude that an order of the District Court titled "Court Minute" is not a judgment, decree or appealable order for the purpose of commencing the time to appeal. *Mansell v. City of Lawton*, 877 P.2d 1120 (Okla.1994); *Aven v. Reeh*, 878 P.2d 1069 (Okla.1994).

The only disposition of Plaintiff's post-judgment motion appearing in the appellate record is the court minute. No filed judgment complying with the form of § 696.3 appears in the appellate record. A judgment or appealable order conforming to § 696.3 is

14 (Okla.1976); *Fretz v. City of Edmond*, 168 P. 800 (1917).

1. The recent amendment to § 653 is found in Okla.Session Laws 1994 Ch. 343 § 1, effective September 1, 1994, and states that "an application for a new trial, if made, must be filed not later than ten (10) days after the judgment, decree or appealable order prepared in conformance with Section 696.3 of this title has been filed,...." It goes on to provide that if a new trial motion is filed after the judge's pronounce-ment, but before the filing of a judgment, the motion will be "deemed filed" immediately after the filing of the judgment.

2. 12 O.S.Supp.1993 § 696.2(C) provides in part: The following shall not constitute a judgment, decree or appealable order: A minute entry; verdict; informal statement of the proceedings and relief awarded, including but limited to, a letter to a party or parties indicating the ruling or instructions for preparing the judgment, decree or appealable order.

"a jurisdictional prerequisite to the commencement of an appeal." 12 O.S.Supp.1993 § 696.2(C). We dismiss the appeal as premature. 12 O.S.Supp.1993 § 990A(F).

ALMA WILSON, C.J., KAUGER, V.C.J., and HODGES, LAVENDER, SUMMERS and WATT, JJ., concur.

SIMMS, HARGRAVE and OPALA, JJ., dissent.

OPALA, Justice, with whom SIMMS, Justice, joins, dissenting.

The court dismisses Pamela J. Corbit's [Corbit] appeal from a nisi prius denial of her motion for new trial because *the denial order*—although captioned, signed and subscribed by the judge *and completely resolving all the dispositive issues in the case—is memorialized on a form bearing "court minute" as its title.* Today's opinion concludes that this filed order of denial cannot trigger appeal time. I dissent from this disposition that allows Corbit to secure and *file another order*, proper *in form*, which would presumably trigger an appealable event for review of *all* errors she attempts to tender. The solution I counsel would (a) bar our review of two trial court rulings for which this appeal clearly is untimely and (b) *confine* the breadth of corrective relief to errors, if any, in the trial court's response to Corbit's term-time motion to vacate. I must *also* recede from today's *unwarranted* extension of extant jurisprudence, first pronounced in *Mansell v. City of Lawton*,[1] and from the court's strained interpretation of pertinent statutory language.

## I

## THE ANATOMY OF LITIGATION

On July 1, 1992 Garry Williams [Williams] requested the district court reduce his child support obligation. Corbit, Williams' divorced wife, then pressed, on July 31, 1992, for a contempt citation to enforce payment of an accumulated child support arrearage owed her (and the Department of Human Services). At a July 13, 1993 hearing the court orally lowered Williams' *current* support obligation and made a quantitative finding of his child support *delinquency* to date. By its July 21, 1993 entry the trial court corrected *sua sponte* this last determination by another reduction of the *adjudicated arrearage*. By the terms of the latter order the lowered *arrearage was commuted to judgment*. The July 21 ruling was memorialized on a court form bearing the title "court minute". On July 22, 1993 Corbit timely sought a new trial. *By judge-generated order* filed September 9, 1993 the trial court (1) sustained Williams' quest for reduction of *future* child support, (2) found him guilty of indirect contempt, (3) *deferred* his sentencing and (4) *denied Corbit's new-trial motion addressing the amount of adjudicated arrearage. This critical order does not bear the title "court minute".*[2] *By her October 8, 1993 paperwork*, filed *more than 10 days* after the September 9, 1993 entry, Corbit *once again* sought a *new trial, this time* requesting the *September 9 order's* vacation. By *another judge-generated order*[3] (dated November 16, 1993) the court (1) overruled Corbit's *second* new-trial motion and (2) sentenced Williams on the contempt charge. *The November 16 order is correctly captioned, identifies the court, and is both signed and subscribed by the judge.* It bears the preprinted title "court minute".

*In this appeal, brought here on December 15, 1993, Corbit seeks corrective relief from the trial court's judgment for commuted arrearage, effective of record below from July 21, which became appealable on September 9 when her timely new trial motion (targeting that issue) was denied. She also seeks our review of the trial court's reduction of her former husband's future child support obligation, effective of record below from September 9, which decision, for lack of a timely new trial motion (addressing that issue), became immediately appealable on that date.*[4]

On this record, the dispositive queries now before us are: (1) whether the post-decree

1. Okl., 877 P.2d 1120 (1994).

2. *See* Appendix A, attached to this writing.

3. *See* Appendix B, attached to this writing.

4. Corbit's petition in error bears our file-stamp of December 15, 1993.

order filed September 9 *became at once appealable* for review of *two* decisions: (a) the judgment for commuted arrearage and (b) the order for future child support reduction (the latter's appeal time ran from September 9 because the October 8 new-trial motion came too late); and (2) whether filed documents that meet *all the statutory requirements for entry upon the judgment roll—but bear the preprinted title "court minute"—* constitute *appealable orders* within the meaning of 12 O.S.Supp.1993 § 696.3(A).[5] I would give an affirmative answer to both of these questions.

## II

## THE COURT IGNORES TWO APPEALABLE POST–DECREE RULINGS FOR THE REVIEW OF WHICH THIS APPEAL IS UNTIMELY

A captioned document (a) bearing the signature and title of the court, (b) *including a statement of the relief awarded and the liabilities and obligations imposed on the parties* and (c) *filed* in the district court clerk's office operates to trigger the appeal time.[6] The July 21 and September 9 post-decree orders *both* bear these attributes; *the latter meets even the suprastatutory requirement imposed by Mansell.*

### A.   The July 21, 1993 Order

A new trial motion, filed in the court clerk's office *within* ten (10) days of an ap-

---

**5.** *See* the pertinent terms of 12 O.S.Supp.1993 § 696.3(A), *infra* note 6.

**6.** The terms of 12 O.S.Supp.1993 § 696.3(A) provide in pertinent part:

"Judgments, decrees and *appealable orders* that are filed with the court shall contain:
1.   A caption setting forth the name of the court, the names and designation of the parties, the file number of the case and the title of the instrument;
2.   A statement of the disposition of the action, proceeding or motion, including a statement of the relief awarded to a party or parties and the liabilities and obligations imposed on the other party or parties;
3.   The signature and title of the court; and
4.   Any other matter approved by the court."
(Emphasis added.)

**7.** The terms of 12 O.S.Supp.1993 § 990.2 provide in pertinent part:

pealable order's filing, *extends* appeal time until that motion's disposition is memorialized and filed.[7] The July 21 judgment for *commuted arrearage* became reviewable when the *September 9 order denying* Corbit's timely new trial motion was placed on file. *That order meets the standards of Mansell.* Corbit is hence too late for our review of the judgment commuting arrearage.

### B.   The September 9, 1993 Order

Appeal time *is not* extended by a motion to vacate filed *more than* 10 days after the final order is placed on file in the office of the court clerk.[8] The correctness of the trial judge's order for reduced *future* support became appealable when the memorial of the September 9 ruling on that issue, *which meets the Mansell test, was filed below but not followed,* within 10 days, by a new trial motion. *Corbit is hence tardy with her quest for our review of the order reducing future support.*

### C.   The Limited Scope of the November 16, 1993 Order's Reviewability

Corbit's belated *second* new trial motion (of October 8, 1993) should be considered *nothing more* than a motion to vacate brought under the provisions of 12 O.S.1991 § 1031.1.[9] It came *too late* for a new-trial quest but still *timely* for term-time relief affordable by the cited statute. Even if the court is correct in today's condemnation of the November 16 order as *defective* under

---

"A.   ... Where a post-trial motion for a new trial ... is filed within ten (10) days after the ... final order is filed with the court clerk, an appeal shall not be commenced until an order disposing of the motion is filed with the court clerk.

**8.** The terms of 12 O.S.Supp.1993 § 990.2(B) provide in pertinent part:
"B.   ... The time to appeal from a ... final order *is not extended* or affected by the filing of a motion to ... *vacate* ... the ... final order that is filed *more than* ten (10) days after the ... final order is filed with the court clerk." (Emphasis added.)
*Salyer v. National Trailer Convoy, Inc.,* Okl., 727 P.2d 1361, 1363 (1986).

**9.** The terms of 12 O.S.Supp.1993 § 1031.1 provide in pertinent part:
"B.   On motion of a party made not later than thirty (30) days after a judgment, decree or appealable order ... has been filed [in the court clerk's office], the court may correct,

§ 696.2(C) [10] (when measured by the *Mansell* test), Corbit's appeal, if refiled *after* its dismissal, would have to be *confined to the single issue* of whether there was error in the trial court's November 16 *response* to the belated "second new trial motion". [11] The refiled appeal would be too late to confer on this court reviewing cognizance over the *correctness* of two nisi prius decisions, each of which was *separately appealable* as a *final post-decree determination:* (1) the judgment for the commuted arrearage and (2) the order reducing future child support. [12]

## III

### THE COURT IMPERMISSIBLY EXTENDS THE *MANSELL* [13] DOCTRINE TO CONDEMN COURT-FILED DOCUMENTS WHICH, THOUGH MEETING ALL STATUTORY STANDARDS, BEAR THE PRE-PRINTED TITLE "COURT MINUTE"

*Mansell v. City of Lawton* [14] teaches that a *filed* memorial of a ruling does *not* bring

about an appealable event *unless* its text is in strict compliance with the requirements of 12 O.S.Supp.1993 § 696.3(A). [15] The obverse of this rule is that *any filing in accord with the provisions of that section must be deemed to constitute a satisfactory jurisdictional prerequisite for an appeal's commencement.* The meaning and effect of an instrument depend on its *substantive content.* [16] The court-filed paper Corbit offers as the foundational document for this appeal (the November 16, 1993 order) clearly meets the attributes of a recordable memorial. It contains a caption identifying the court; it is signed and subscribed by the judge; its content denies *certain* relief that is described in *certain* terms.

While both judgments and minutes [17] are posted on the appearance docket, [18] each has a separate function and a distinct identity [19] which *facially* distinguish each from the other *by content and substance.* A *"minute"* of

open, modify or vacate the judgment, decree or appealable order."

A *belated* new trial motion, if filed within the time prescribed by § 1031.1, may be treated as a *timely* term-time motion. *Schepp v. Hess,* Okl., 770 P.2d 34, 37–38 (1989).

10. *See* the terms of 12 O.S.Supp.1993 § 696.2(C), *infra* note 26.

11. *Yery v. Yery,* Okl., 629 P.2d 357, 363 (1981).

12. 12 O.S.1991 § 953; *Salyer, supra* note 8 at 1363; *see* discussion in Parts IIA and IIB, *supra.*

13. *Mansell, supra* note 1.

14. *Mansell, supra* note 1 at 1121.

15. *See* the pertinent terms of 12 O.S.Supp.1993 § 696.3(A), *supra* note 6.

16. *Markwell v. Whinery's Real Estate, Inc.,* Okl., 869 P.2d 840, 842–844 (1994); *Carter v. Carter,* Okl., 783 P.2d 969, 970 (1989); *Horizons, Inc. v. Keo Leasing Co.,* Okl., 681 P.2d 757, 759 (1984); *Amarex, Inc. v. Baker,* Okl., 655 P.2d 1040, 1043 (1983); *Knell v. Burnes,* Okl., 645 P.2d 471, 473 (1982); *Prock v. District Court of Pittsburg County,* Okl., 630 P.2d 772, 775 (1981); *Harry v. Hertzler,* 185 Okl. 151, 90 P.2d 656, 659 (1939); *Ginn v. Knight,* 106 Okl. 4, 232 P. 936, 937 (1925).

17. Minutes are nothing more than abbreviated memoranda of what takes place in the courtroom. *Hinshaw v. State,* 147 Ind. 334, 47 N.E.

157, 171 (1897), *State v. Larkin,* 11 Nev. 314, 321 (1876); *Gregory v. Frothingham,* 1 Nev. 253, 260 (1865). Ordinarily, the deputy clerk present in the courtroom is the scrivener of the minutes, although the judge also is authorized to draft minutes. *See* the pertinent terms of 12 O.S.1991 § 23, *infra* note 18.

18. *The documents required to be posted on the appearance docket* are identified in 12 O.S.1991 § 23. Its pertinent terms are:

"On the appearance docket [the clerk of the district court] shall enter all actions in the order in which they are brought, the date of the summons, the time of the return thereof by the officer, and his return thereof, the time of the filing of the petition, and all subsequent pleadings and papers, *and an abstract of all judgments and orders of the court.* An abstract shall contain a very brief description of the order or judgment rendered. It must not be encumbered with detailed recital of the terms. Proceedings other than those which culminated in an order or judgment shall not be abstracted into the appearance docket. Either the judge or the clerk may prepare an appearance docket entry in the form of a minute, or the content of the entry may be dictated either by the judge or the clerk into an electronic recording device. The clerk shall transcribe onto the appearance docket all minute entries made and all the electronically-recorded abstracts." (Emphasis added.)

19. *Rodgers v. Higgins,* Okl., 871 P.2d 398, 407–408 (1993); *Hulsey v. Mid–America Preferred Ins.*

a judge's courtroom decision *internalizes* the event by a short abstract to be posted *solely* on the court's *appearance docket*. It does *not* serve as the court's official record and *external* proof of the proceeding's result; it is rather a *mnemonic in-house aid*. The proof of an adjudication is afforded *solely* by a recordable [20] memorial that *must* be *filed* in the case and *entered* on the court's *journal*.[21]

The November 16 memorial's content and substance *qualify it for consideration as a final order rather than for a mere minute*. A signed order that meets the § 696.3(A) criteria *must* be recorded and then treated as an appealable order.[22] By expanding *Mansell's* teaching to rob of efficacy *all* court-filed documents that use for their title the word "minute", the court *invites* lawyers to offer for entry on the nisi prius journal, as memorials of the same ruling, *two* potentially discordant paper trails, both signed by the judge—one bearing the title "minute", and another, *later-filed* document that would be free of this single offending word. The second of these two papers (memorializing the same ruling) would be a *nullity*, leaving as the sole official record of the court's action

the earlier "court minute"—*a document of the type Corbit tenders today*. This unfortunate result is dictated by our "ruling case law" whose viability *Mansell* left intact.[23]

## IV

## THE COURT'S PRONOUNCEMENT CREATES AN INCONSISTENCY BETWEEN TWO STATUTORY SECTIONS

A cardinal rule of statutory construction is that relevant provisions must be considered *together,* giving force and effect to each of them.[24] Legislative commands that are seemingly discordant should be reconciled in a manner that renders them consistent, harmonious and capable of intelligent application.[25] Words, phrases and sentences in a legislative enactment must be interpreted *not in an abstract sense*, but with due regard for their *context*.[26] The court relies on certain terms in 12 O.S.Supp.1993 § 696.2(C)—which section *disapproves* of "minute entries" [27]—to *condemn* the November 16 order as "unappealable". By invoking those provisions *out of context*, rather than in conjunction with *in*

*Co.,* Okl., 777 P.2d 932, 935 (1989); *Miller v. Miller,* Okl., 664 P.2d 1032, 1034 (1983); *McCullough v. Safeway Stores, Inc.,* Okl., 626 P.2d 1332, 1335 n. 8 (1981); *State v. Froese,* 200 Okl. 486, 197 P.2d 296, 298 (1948).

20. A "recordable" item is one which bears the judge's signature and specifies clearly the relief granted or the order made. 12 O.S.1991 § 24. The clerk may enter only those papers which are "on file", i.e. kept in a folder or jacket in the clerk's office. 12 O.S.1991 § 29.

21. *Depuy v. Hoeme,* Okl., 775 P.2d 1339, 1343 (1989).

22. The terms of 12 O.S.Supp.1993 § 696.2(A) provide in pertinent part:

"After the granting of a judgment, decree or appealable order, it shall be reduced to writing ..., signed by the court, *and filed with the court clerk."* (Emphasis added.)

23. When *two* instruments *memorialize the same ruling,* the later entry does not supersede the former, even if the latter contains matter not

included in the former. *Aishman v. Taylor,* Okl., 516 P.2d 244, 245 (1973).

24. *Matter of Death of Knight,* Okl., 877 P.2d 602, 604 (1994); *Public Service Co. of Okla. v. State ex rel. Corp. Comm'n,* Okl., 842 P.2d 750, 752 (1992); *Ledbetter v. Okla. Alcoholic Bev. Laws Enforcement Comm'n,* Okl., 764 P.2d 172, 179 (1988).

25. *Eason Oil Company v. Corporation Commission,* Okl., 535 P.2d 283, 286 (1975); *Lancaster v. State,* Okl., 426 P.2d 714, 716 (1967).

26. *State v. Tapp,* Okl., 380 P.2d 260, 264 (1963).

27. The provisions of 12 O.S.Supp.1993 § 696.2(C) state in pertinent part:

"The following shall not constitute a judgment, decree or appealable order: A *minute entry;* verdict; informal statement of the proceedings an relief awarded, including, but not limited to, a letter to the party or parties indicating the ruling or instructions for preparing the judgment, decree or appealable order." (Emphasis added.)

*pari materia* legislative text, the court introduces into our law discord between § 696.2(C) and § 696.3(A),[28] which is not ascribable to statutory language. Under today's rationale, *title alone*—rather than the law-conforming *content—will absolutely* control an instrument's efficacy. I would treat the § 696.2(C) litany of negatives as *not* an across-the-board condemnation of court entries entitled "minutes". A paper bearing in its title this offending word *may* nonetheless be efficacious to trigger appeal time if it *complies with the requirements of* § 696.3(A). My interpretation of the pertinent language would restore harmony between the two sections by giving effect to *both.*

## V

### SUMMARY

Today's rationale allows Corbit to bring a *new* appeal as soon as she secures an approvable written order (*sans* the offending word) and *files it* in the court clerk's office. *I recede from this disposition.* It ignores the tardiness of the instant appeal for review of *two* appealable post-decree decisions: (1) the judgment for *commuted arrearage* of July 21 (followed by the "*Mansell*-proof" September 9, 1993 entry denying new trial) and (2) the order reducing *future child support* of September 9 (not followed by a *timely* new-trial motion).[29]

The main vice in today's disposition lies in *its expansion of Mansell.* The court extends the teachings of that opinion to invalidate *all* orders *which, though conformable to the terms of § 696.3(A), bear a single offending word.* This result plainly demonstrates an unwarranted knee-jerk reaction of hostility to judge-prepared memorials. Aside from injecting into the nisi prius record-keeping system an *inconsistency* between two *in pari materia* sections, today's pronouncement intrudes into the trial court's control over the contents of its memorials. I would require *substance and content always to prevail over form.* Reading the provisions of §§ 696.2(C)

and 696.3(A) together, as I *strongly counsel* the court to do, would *reconcile* their quite consistent texts to make *both* sections stand in harmony.

I would hence *dismiss this appeal as untimely* to bring for review the two post-decree decisions memorialized by the *Mansell*-proof September 9, 1993 order; I would let the appeal stand but confine our review to errors in the trial court's response (of November 16, 1993) to the belated "second new-trial motion" of October 8, 1993. That plea should be treated as a § 1031.1 vacation quest.

### APPENDIX A

### IN THE DISTRICT COURT IN AND FOR OKLAHOMA COUNTY STATE OF OKLAHOMA

No. FD–92–4666.

Sept. 9, 1993.

Pamela J. Corbit, aka
    Pamela Kearney, now
    Pamela Harris,
    Plaintiff,

v.

Garry Williams,
    Defendant.
    State of Oklahoma, Ex Rel
    Department of Human Services,
    Third Party Defendant.

#### *ORDER*

On February 25, 1993, July 13, 1993 and August 26, 1993, the above entitled action came on for trial on Plaintiff's Application For Citation For Contempt of Court filed July 31, 1992 and Defendant's Motion To Modify Child Support filed July 1, 1992 and Plaintiff's Motion For New Trial filed July 22, 1993. The parties appeared in person and by counsel. The Court heard the statements and arguments of counsel and took the matter under advisement.

---

**28.** For the terms of 12 O.S.Supp.1993 § 696.3(A), see *supra* note 6.

**29.** For explanation of why the appeal *would be* tardy for review of these issues, see Part II, *supra.*

The Court, on July 13, 1993 entered certain Orders at the bench and are incorporated and set forth as follows:

(1) AFDC owed to the State of Oklahoma by the Defendant as per stipulation of the parties and judgment was entered accordingly against the Defendant.

(2) The Defendant was found guilty of Indirect Contempt of Court and sentencing was deferred to August 26, 1993 at 1:30 P.M. with the Defendant being released on his current O/R bond. Child support arrearage was set at $8,237.31 thru July 31, 1993.

(3) Defendant's Motion To Modify Child Support was sustained as per the Guide Lines prepared by the Court, effective August 1, 1992, as per Exhibit "A" attached hereto.

(4) Attorney's fee and costs were reserved.

Thereafter, on July 21, 1993 the Court entered a Court Minute amending the Court Order of July 13, 1993 to reflect an arrearage of $5,996.11 in lieu of $8,237.31.

On August 26, 1993 this matter came on for Sentencing and for an Evidentiary Hearing to ascertain certain child support payments made to the Plaintiff and to ascertain the judgment amount owed to the State of Oklahoma, ex rel Department of Human Services for A.F.D.C. expended by the State by the State of Oklahoma and to ascertain payments of child support to the Plaintiff from March 1, 1993 to July 31, 1993. The evidence presented indicated the following payments had been made to the Plaintiff by the Department of Human Services from funds paid by the Defendant to the Department of Human Services for child support from March 1, 1993 thru July 31, 1993, to wit:

| | |
|---|---|
| March, 1993 | $420.41 |
| April, 1993 | $430.00 |
| May 1993 | $430.00 |
| June, 1993 | $430.00 |
| July, 1993 | $430.00 |
| | $2140.41 |

The parties stipulated the judgment amount owed by the Defendant to the D.H.S. on February 28, 1993 was $886.45 and that judgment was so entered on July 13, 1993.

The Court Finds and Orders the Plaintiff's Motion For New Trial filed July 22, 1993 should be sustained in part and denied in part as herein Ordered.

The Court's further Findings and Orders are as follows:

(1) The child support arrearage owing to the Plaintiff by the Defendant thru July 31, 1993 is $5,145.70, as detailed on Exhibit "B" attached hereto and made a part hereof and which this Court finds to be in accordance with the evidence presented in the aforesaid hearings. The modification of child support will be effective March 1, 1993.

(2) Child support payments, as set forth in Exhibit "A" attached hereto, has been prepared accordingly.

(3) Interest on unpaid child support installments will bear interest in accordance with the statutes and case law of the State of Oklahoma.

(4) Sentencing of the Defendant is set for hearing on October 26, 1993 at 1:30 P.M. The Defendant is released on his current O/R Bond.

(5) The issue of attorney's fees and cost is reserved.

(6) The Court considers the foregoing to be a final Order as to the issues addressed herein.

Dated September 9, 1993.

/s/ Thornton Wright, Jr.
Thornton Wright, Jr.
Special Judge

cc: Patricia L. Carroll

M. Joe Crosthwait, Jr.

Randy Henning

## 1138

## APPENDIX B

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY, STATE OF OKLAHOMA**

FILED
DISTRICT COURT

Pamela J. Corbit, now          Patricia L. Carroll
Pamela Harris
_____       _____
          Plaintiff(s)              Attorney(s) for Plaintiff(s)

—vs—  1993 NOV 16  P 4:11  Case No.  FD-92-4666-2

Garry Williams          W. Joe Crosthwait
D.H.S.          Kathy Henning     Attorney(s) for Defendant(s)
_____       _____
          Defendant(s)

**COURT MINUTE**

Date: _____November 16, 1993_____  Judge /Wright/

**Hearing On:** Plaintiff's Motion For New Trial As Amended and

**Ruling By Court:** Supplemented and Sentencing of Defendant.

---

The Court's Orders are as follows:

(1) The Plaintiff's Motion For New Trial as Amended and Supplemented is overruled; exceptions allowed.

(2) The Defendant is sentenced to six months in the County Jail, with no good time; said sentence of confinement is suspended pending the Defendant's payments as follows:

(a) Current support of $280.15 per month to Plaintiff commencing December 1, 1993; and

(b) Monthly payment of $214.41 to Plaintiff to apply on child support arrearage of $5145.70, commencing December 31, 1993 and

(c) Payment to the Department of Human Services the sum of $36.94 per month on the arrearage of $886.45, commencing December 1, 1993.

(3) The aforesaid sentence subject to acceleration upon default of Defendant.

(4) The issue of attorney's fees and costs is reserved.

(5) The Defendant is released on his current O/R Bond.

          /s/ Thornton Wright, Jr.
              Thornton Wright, Jr.
              Special Judge