2003 OK CIV APP 44

**Bart ROSEN, Plaintiff/Appellant,**

v.

**WHITE SWAN, INC., William E. Davis & Sons, Inc., and Paul Kerrick, Defendants/Appellees.**

**No. 98,645.**

Court of Civil Appeals of Oklahoma, Division No. 4.

April 15, 2003.

---

Steve Langer, Law Offices of Joe Farnan, Purcell, OK, for Appellant.

R. Stephen Haynes, Haynes & Montgomery, Oklahoma City, OK, for Appellees.

Opinion by JOHN F. REIF, Judge.

¶1 Plaintiff Bart Rosen appeals the dismissal of the suit he refiled pursuant to 12 O.S.2001 § 100, after the dismissal of his original suit without prejudice. Plaintiff Rosen contends the trial court erred in ruling that he did not timely refile the suit within one year of the dismissal of the original suit, as required by § 100. In particular, plaintiff Rosen argues that the trial court erred in computing the time for refiling by using the date of the court minute reflecting the dismissal, rather than the date of the journal entry of judgment reflecting the dismissal.[1] Plaintiff Rosen propounds that the time for refiling under § 100 did not commence until the dismissal of the original suit was memorialized as a judgment, and that the court minute was not a judgment. The trial court considered this argument and rejected it, stating that the court minute "substantially complies" with the statutory requirements for a judgment. Although agreeing with the trial court's common sense interpretation, we are constrained to hold that the court minute dismissing the original suit was not an effective judgment, and the time to refile did not commence until the journal entry of judgment was filed.

¶2 The trial court's ruling is a succinct statement of the dissenting view expressed by Justice Opala in Corbit v. Williams, 1995 OK 53, 897 P.2d 1129. The majority opinion in Corbit, ¶8, 897 P.2d at 1131, however, declined to employ "substantial compliance" to determine the effectiveness of a court minute as a judgment. The majority observed that the legislature had expressly pro-vided that "certain types of instruments are deemed to not be a 'judgment, decree or appealable order' [and] a minute entry, even though it might meet the other [statutory] requirements ... is not an appealable order or judgment."

¶3 The majority opinion in Corbit found that the legislature had expressed a clear intent to have a "brighter line" than substantial compliance for determining when a trial court has entered a judgment to trigger the exercise of time-based rights, such as the filing of an appeal or the refiling of a suit. Id. at ¶9, 897 P.2d at 1131. The majority also found the legislation to be "a useful reform, with one of its aims to reduce the amount of judicial energy expended on determining when time ... starts to run [to exercise time-based rights]." The majority concluded that "an order of the District Court titled 'Court Minute' is not a judgment, decree or appealable order for the purpose of commencing the time to appeal." Id. (citations omitted). Such a minute would likewise not be a judgment for the purpose of commencing the time for refiling a suit under § 100.

¶4 We note that Corbit interpreted the statutory provisions governing judgments, decrees and appealable orders set forth in 12 O.S. Supp.1993 §§ 696.2 and 696.3. Subsequent to the decision in Corbit, the legislature amended § 696.2 by Laws 1997, c. 102, § 2, effective May 1, 1997, and Laws 1997, c. 239, § 4, effective May 23, 1997. The legislature also amended § 696.3 by Laws 1997, c. 102, § 3, effective May 1, 1997. We find nothing in these amendments to indicate the legislature intended to change the effect of these statutes as interpreted by the majority in Corbit. To the contrary, we note that both the pre- and post-amendment versions of § 696.2 identically provide that a "minute entry" shall not constitute a judgment. It is well settled that:

Legislative familiarity with extant judicial construction of statutes in the process of

being amended is presumed [and] the terms of amendatory acts which retain the same, or not substantially dissimilar, portions of provisions formerly in force will be accorded the construction identical to that placed upon them by preexisting case law [in the absence of a clear, plainly expressed, contrary intent].

*Fenwick v. Oklahoma State Penitentiary*, 1990 OK 47, ¶ 15, 792 P.2d 60, 63 (*citing Lekan v. P & L Fire Protection Co.*, 1980 OK 56, ¶ 5, 609 P.2d 1289, 1292).

¶ 5 We hold that the trial court erred in dismissing plaintiff Rosen's refiled suit as untimely by computing the time to refile from the date of the court minute. The time to refile should have been computed from the filing of the journal entry of judgment, and when the time to refile is computed in this manner, plaintiff Rosen did timely refile his suit. Accordingly, the dismissal of plaintiff Rosen's refiled suit is reversed.

¶ 6 REVERSED.

GOODMAN, P.J., and RAPP, J., concur.

