2010 OK CIV APP 85

**WESTVILLE NURSING HOME, INC., and CCG & K, LLC,**
Plaintiffs/Appellants,

v.

**CITY OF WESTVILLE, Oklahoma,**
Defendant,

and

**Westville Utility Authority, Appellee.**

No. 107,175.

Court of Civil Appeals of Oklahoma, Division No. 2.

Aug. 6, 2010.

4. *State ex rel. Burk v. City of Oklahoma City,* 1979 OK 115, ¶ 8, 598 P.2d 659, 661.

George Mullican, Charles A. McSoud, Oliver L. Smith, Christopher D. Wolek, Gibbs, Armstrong, Borochoff, Mullican and Hart, P.C., Tulsa, OK, for Plaintiffs/Appellants.

C. Bart Fite, Fite Law Firm, Muskogee, OK, for Appellee.

JANE P. WISEMAN, Chief Judge.

¶ 1 Plaintiffs appeal from the trial court's orders denying their motion to amend the petition to add a party defendant and granting Westville Utility Authority's motion to dismiss.[1] Having reviewed the record and pertinent law, we find this appeal must be dismissed due to a lack of an appealable order.

¶ 2 This action involves problems with a sewer line causing raw sewage to back up into Plaintiffs' nursing home facility on January 13, 2007. On April 19, 2007, Plaintiffs served a notice of tort claim on the Mayor of the City of Westville, Brian Sitsler, which was denied by operation of law after the expiration of ninety days, i.e., July 19, 2007. On November 21, 2007, Plaintiffs filed a petition against the City of Westville alleging City was liable to Plaintiffs for damages caused by the sewage backup due to City's negligent maintenance of the sewer.

¶ 3 On December 28, 2007, City filed an entry of appearance and requested an additional twenty days to file a responsive pleading. On January 28, 2008, Plaintiffs filed a motion for default judgment after receiving no responsive pleading from City. On February 25, 2008, City filed an application to answer out of time and filed an answer. The trial court granted City's application on April 29, 2008.

¶ 4 On July 18, 2008, Plaintiffs moved for leave to amend the petition to add Authority as a defendant to the action and they attached the proposed amended petition as an exhibit to the motion. Although the trial court had yet to rule on Plaintiffs' motion for leave to amend, both City and Authority filed motions to dismiss.[2]

¶ 5 In an order filed November 25, 2008, the trial court granted Authority's motion to dismiss and denied Plaintiffs' motion to amend the petition finding as follows:

The Plaintiff's [sic] motion to amend petition to add additional parties is denied. The Court further finds that the Governmental Tort Claims Act, 51 O.S. § 151 et seq. bars the institution of this action

---

1. Plaintiffs state in their petition in error that they appeal only from the trial court's order denying Plaintiffs' motion for leave to file an amended petition and granting Authority's motion to dismiss. However, Plaintiffs state in their brief in chief they are also appealing from the trial court's order denying their motion to reconsider/vacate.

2. We note the docket sheet and record reflect that Plaintiffs' proposed amended petition attached to their motion was also separately file stamped the same day as their motion to amend.

against the Defendant, Westville Utility Authority.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss filed by the Defendant, Westville Utility Authority, is hereby granted with all costs being discharged herein.

¶ 6 Plaintiffs filed a motion to vacate/reconsider "the Court's Decision Denying Plaintiffs' Motion to Amend Petition." [3] In a minute order filed November 25, 2008, the trial court denied Plaintiffs' motion to reconsider and denied City's motion to dismiss.

¶ 7 On May 12, 2009, the trial court issued the following order:

Upon review of the briefs and having heard oral arguments regarding the same, this Court finds that the Order dismissing [Authority] and filed herein on November 25, 2008, should be deemed a final judgment. This court finds that there is no just reason for delay and expressly directs the filing of the judgment pursuant to the provisions of 12 O.S. § 994(A).

Plaintiffs appeal.

■ ¶ 8 Our analysis of the record including the trial court docket sheet leads us to conclude that this appeal must be dismissed as premature. Plaintiffs filed their motion to vacate/reconsider the trial court's decision on their motion for leave to amend and the Authority's motion to dismiss prior to the November 25, 2008, formalization of that decision. It was therefore filed within ten days of the November 25, 2008, order and because it seeks reconsideration of that order, it should be treated as a motion for new trial filed pursuant to 12 O.S.2001 § 991. *Horizons, Inc. v. Keo Leasing Co.*, 1984 OK 24, ¶ 4, 681 P.2d 757, 758–59 ("A motion seeking reconsideration, re-examination, rehearing or vacation of a judgment or final order, which is filed within 10 days of the day such decision was rendered, may be regarded as the functional equivalent of a new trial motion, no matter what its title.")

¶ 9 The time to appeal the November 25, 2008, order was extended by the filing of Plaintiffs' motion for new trial. 12 O.S. Supp.2009 § 990.2(A). The time to appeal both orders does not begin until the filing of a final order in statutory form of the order disposing of the motion for new trial.

■ ¶ 10 We find the November 25, 2008, "Court Minute" has not disposed of Plaintiffs' motion for new trial. Even if this minute order facially appears to meet the requirements set forth in 12 O.S. Supp.2009 § 696.3, we cannot consider it as a "judgment, decree or appealable order" because it is titled "Court Minute." *Corbit v. Williams*, 1995 OK 53, ¶ 9, 897 P.2d 1129, 1131. Title 12 Supp.2009 § 696.2(D) clearly states that a minute entry does "not constitute a judgment, decree or appealable order." This is reiterated by the Supreme Court in *Corbit*: "[A]n order of the District Court titled 'Court Minute' is not a judgment, decree or appealable order for the purpose of commencing the time to appeal." *Corbit*, 1995 OK 53 at ¶ 9, 897 P.2d at 1131.

¶ 11 Section 990.2(A) provides that "an appeal shall not be commenced until an order disposing of the motion is filed with the court clerk." 12 O.S. Supp.2009 § 990.2(A). Until that motion is resolved, the trial court may revise, reverse, or withdraw its initial ruling on the motion.

¶ 12 The filing of a judgment or appealable order that conforms to the requirements of § 696.3 is "a jurisdictional prerequisite to the commencement of an appeal." 12 O.S. Supp. 2009 § 696.2(D). Because the November 25, 2008, handwritten court minute denying Plaintiffs' motion for new trial is not a judgment, decree or appealable order, this appeal is premature. We have no jurisdiction to entertain this appeal on its merits, and it must be dismissed. To avoid such procedural pitfalls, the better practice would be to avoid the use of courthouse forms bearing the title of "court minute" and for the trial court to direct counsel to prepare a draft for

---

**3.** Although Plaintiffs titled their motion as one to vacate or reconsider "the Court's Decision Denying Plaintiffs' Motion to Amend Petition," Plaintiffs refer to the motion during the hearing and in its motion to set hearing as also requesting vacation of the trial court's decision granting Authority's motion to dismiss.

the court's signature as provided in 12 O.S. Supp.2009 § 696.2(A).[4]

¶ 13 **DISMISSED.**

FISCHER, P.J., and BARNES, J., concur.

4. Title 12 Section 696.2(A) provides:
"After the granting of a judgment, decree or appealable order, it shall be reduced to writing in conformance with Section 696.3 of this title, signed by the court, and filed with the court clerk. The court may direct counsel for any party to the action to prepare a draft for the signature of the court, in which event, the court may prescribe procedures for the preparation and timely filing of the judgment, decree or appealable order, including, but not limited to, the time within which it is to be submitted to the court. If a written judgment, decree or appealable order is not submitted to the court by the party directed to do so within the time prescribed by the court, then any other party may reduce it to writing and submit it to the court."