LAUBACH v. LAUBACH
2022 OK 78
Case Number: 117545; Cons. w/117654
Decided: 09/27/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 78, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

MARIA A. LAUBACH, Petitioner/Appellee,
v.
PAUL W. LAUBACH, Respondent/Appellant.

ON CERTIORARI TO THE COURT OF CIVIL APPEALS, DIVISION IV

Honorable, Ryan D. Reddick, Trial Judge

¶0 After the appellant, Paul Laubach (father), and the appellee, Maria Laubach (mother) divorced, the mother sought approval from the trial court to move across the state with their children. The father objected. Among the numerous orders issued by the trial court in this cause was a minute order filed on April 17, 2018. After the father's appeal culminated in two consolidated cases, the Court of Civil Appeals dismissed a portion of the appeals when it held that the April 17, 2018, minute order was an appealable order which was appealed out of time. Consequently, it dismissed the portion of the father's appeals which transpired from that order. We granted certiorari for the limited purpose of addressing the appealability of such court minutes, minute orders, minutes, and summary orders. We hold that trial court rulings which include the title court minute, minute order, minute, or summary order are not appealable orders which trigger the time to appeal.

CERTIORARI PREVIOUSLY GRANTED;
COURT OF CIVIL APPEALS OPINION VACATED;
REASSIGNED TO THE COURT OF CIVIL APPEALS FOR FURTHER
PROCEEDINGS CONSISTENT WITH THIS OPINION.

Eric N. Edwards, Enid, Oklahoma, for Respondent/Appellant.

Craig Box, Julia C. Rieman, Enid, Oklahoma, for Petitioner/Appellee.

KAUGER, J.:

¶1 We granted certiorari for the limited purpose of addressing whether written instruments titled court minute, minute order, minute, or summary order, may ever serve as an appealable order, so as to trigger the time to appeal. We hold that they do not. Consequently, we vacate the Court of Civil Appeals opinion, and remand this cause to the Court of Civil Appeals for proceedings consistent with this opinion.

FACTS

¶2 The petitioner/appellee, Maria A. Laubach (mother) filed for divorce from the respondent/appellant, Paul W. Laubach (father), on March 17, 2016. The parties divided their property by agreement, leaving the issue of custody to be tried on November 14-15, 2016. At the time of the hearing, the mother indicated to the trial court that she intended to relocate from Enid to Edmond after the divorce for employment opportunities. The trial court entered an order awarding the mother custody of the parties' children and set forth the father's visitation.

¶3 However, on May 15, 2017, the mother filed a notice of her intent to relocate with the children from Enid, across the state to Oologah, Oklahoma, because she had purchased a business there. The father filed an objection, and the trial court set the issue for hearing on April 9 and 10, 2018. On April 6, 2018, the father responded to the mother's relocation request by filing a motion to modify custody, arguing that the mother's relocation plan to move to Oologah, three hours away from him, was a substantial and material change adverse to the best interests of the children.

¶4 After a two day hearing, the trial court granted the mother's request to relocate, and denied the father's motion to modify custody. The court filed a minute order on April 17, 2018, which reflected its ruling on the hearing. It is this order we are addressing.

¶5 Subsequently, several other hearings were held, and the trial court entered a multitude of orders. The cause eventually culminated in two appeals: appeal number 117,545 filed on November 21, 2018, concerning whether the trial court erred in denying the father's petition to vacate custody order and previously filed motion for a new trial; and appeal number 117,654, on January 2, 2019, concerning whether to vacate another custody order and another previously filed motion for new trial. We consolidated the appeals on January 9, 2019, and assigned them to the Court of Civil Appeals on October 16, 2019. On October 18, 2021, the Court of Civil Appeals issued an opinion affirming the trial court in part and dismissing a portion of the appeal in part. We granted certiorari on June 27, 2022.

TRIAL COURT RULINGS WHICH INCLUDE THE TITLE 
"COURT MINUTE," "MINUTE ORDER,""MINUTE," OR "SUMMARY
ORDER" ARE NOT APPEALABLE ORDERS WHICH TRIGGER THE 
TIME TO APPEAL.

¶6 The mother argues that because the trial court's April 17, 2018, minute order was the equivalent of an appealable order, the appellant missed his opportunity to appeal that ruling and that portion of the appeal must be dismissed. The father disagrees.

¶7 For a trial court ruling to trigger the jurisdictional commencement of the time to appeal, it must be a judgment, decree, or appealable order, which has been reduced to a writing in conformance with 12 O.S. Supp. 2007 §696.312 O.S. Supp. 2007 §696.2

D. The filing with the court clerk of a written judgment, decree or appealable order, prepared in conformance with Section 696.3 of this title and signed by the court, shall be a jurisdictional prerequisite to the commencement of an appeal. The following shall not constitute a judgment, decree or appealable order: A minute entry; verdict; informal statement of the proceedings and relief awarded, including, but not limited to, a letter to a party or parties indicating the ruling or instructions for preparing the judgment, decree or appealable order.

In conjunction with these statutes, Oklahoma Supreme Court Rule 1.21 O.S. Supp. 2021, App. 1, art. II, also provides in pertinent part:

(a) District Court Appeals.

An appeal from the district court may be commenced by filing a petition in error with the Clerk of the Supreme Court within thirty days from the date the judgment, decree, or appealable order prepared in conformance with 12 O.S. § 696.312 O.S. § 990A

¶8 By order, 2021 OK 41could not qualify as an appealable order which would trigger the time to commence for filing an appeal. The amendment provides in pertinent part:

. . .The following shall not constitute a judgment, decree or appealable order: minute orders or minute entries; docket entries or docket minutes; a verdict; an informal statement of the proceedings and relief awarded, including, but not limited to, summary orders or summary minutes, or a letter or other writing to a party or parties indicating the ruling or instructions for preparing the judgment, decree or appealable order. 12 O.S. §696.2

The date of filing of a judgment, decree or appealable order with the clerk of the district court shall be presumed to be the date of the district court clerk's file stamp thereon. . .

Prior to the 2021 amendment to the Rule, the Rule did not mention minutes, minute orders, or docket entries, or informal statements, etc.

¶9 In Mansell v. City of Lawton, 1994 OK 75877 P.2d 1120

¶10 In Mansell, supra, the trial court signed a court minute sustaining a motion to dismiss on October 7, 1993, and a journal entry of judgment was filed on October 15, 1993. The court minute had no title, but the journal entry of judgment satisfied the form required by statute as triggering the time to appeal. The Court said that if "an order has no title, or bears a title in some form using the word 'minute' and otherwise meets the description of a minute, we believe the Legislature intended it not to be appealable." We held that even though it may have been considered to be appealable prior to the 1993 enactment of §§696.2 and 696.3, the minute entry in Mansell, supra, was not in a form qualifying as an appealable order. The journal entry did, however, meet the form requirements and was the order which triggered the time to appeal.

¶11 The writing in question must meet the statutory requirements because it is a jurisdictional predicate to an appeal.Corbit v. Williams, 1995 OK 53897 P.2d 1129

¶12 Recently in Moore v. Haley, 2021 OK 37

¶13 Describing such orders we said:

¶3 Many times, Summary Orders are illegible and may be followed with a formal, typed Journal Entry of Judgment. This creates uncertainty for litigants and the appellate courts about the finality of the Summary Order, and the computation of appeal time. Sometimes Summary Orders may include language indicating a subsequent order should follow and other times they do not. The Summary Orders typically do not contain evidence of service on the parties. The title of the document "Summary Order" denotes that this is an abbreviated account of the ruling of the court conducted without legal formalities.

¶4 The use of the Summary Order form has long created problems and confusion for the appellate courts and a hardship on the parties attempting to appeal from a final order. These documents are most analogous to a court minute or informal statement of proceedings which are not considered appealable orders. . . .

Prospectively, we will not recognize a filed Summary Order as a final judgment under 12 O.S.2011 § 696.3

¶14 To reiterate the rationale of Mansell, supra, Corbit, supra, and Moore, supra, today, we again definitively pronounce that written instruments titled "court minute," "minute order," "minute,"or "summary order" cannot meet the definition of an order which triggers the procedural time limits for appeal, regardless of their substance, content, for length. We make no determination on the merits of the appellant's challenges to the substance of the trial court rulings relating to these appeals. Rather, we remand the matter to the Court of Civil Appeals for resolutions of the merits of the appellant's assignments of error pertaining to his appeal because it erred when it determined that the April 17, 2018, minute order was an appealable order for purposes of triggering the procedural time limits for appeal, thus precluding consideration of subsequent orders and the merits of the father's appeals. Accordingly, the father's failure to appeal the April 17, 2018, minute order is not dispositive as to the timeliness of his appeals.

CONCLUSION

¶15 Written instruments titled "court minute," "minute order," "minute," or "summary order" cannot meet the definition of an order which triggers the procedural time limits for appeal, regardless of their substance, content, or length. Accordingly the Court of Civil Appeals' determination that the April 17, 2018, minute order was an appealable order for purposes of triggering procedural time limits for appeals was in error. We remand this cause to the Court of Civil Appeals for resolutions of the merits of the appellant's assignments of error pertaining to his appeals.

CERTIORARI PREVIOUSLY GRANTED;
COURT OF CIVIL APPEALS OPINION VACATED;
REASSIGNED TO THE COURT OF CIVIL APPEALS FOR FURTHER 
PROCEEDINGS CONSISTENT WITH THIS OPINION.

ALL JUSTICES CONCUR.

FOOTNOTES

. . .(b) Review on Certiorari.

Issues not presented in the petition for certiorari may not be considered by the Supreme Court. Provided, however, if the Court of Civil Appeals did not decide all of the properly preserved and briefed issues, the Supreme Court may--should it vacate the opinion of the Court of Civil Appeals--address such undecided matters or it may remand the cause to the Court of Civil Appeals for that Court to address such issues. The case will then be decided on the reviewable issue or issues presented in the briefs theretofore filed, unless for good cause the filing of additional briefs be then allowed. The Supreme Court may--should it vacate the opinion of the Court of Civil Appeals--address any issue properly raised in the appeal or on certiorari. Hough v. Leonard, 1993 OK 112867 P.2d 438

12 O.S. Supp. 2007 §696.3

A. Judgments, decrees and appealable orders that are filed with the clerk of the court shall contain:

1. A caption setting forth the name of the court, the names and designation of the parties, the file number of the case and the title of the instrument;

2. A statement of the disposition of the action, proceeding or motion, including a statement of the relief awarded to a party or parties and the liabilities and obligations imposed on the other party or parties, including the amount of any prejudgment interest;

3. The signature and title of the court; and

4. Any other matter approved by the court.

B. Judgments, decrees and appealable orders that are filed with the clerk of the court may contain a statement of costs, attorney fees and interest other than prejudgment interest, or any of them, if they have been determined prior to the time the judgment, decree or appealable order is signed by the court in accordance with this section.

C. The clerk shall endorse on the judgment, decree or appealable order the date it was filed and the name and title of the clerk.

D. A file-stamped copy of the judgment, decree, or appealable order shall be served upon all parties, including those parties who are in default for failure to appear in the action, as provided in Section 696.2 of this title.

Title 12 O.S. Supp. 2007 §696.2

A. After the granting of a judgment, decree or appealable order, it shall be reduced to writing in conformance with Section 696.3 of this title, signed by the court, and filed with the court clerk. The court may direct counsel for any party to the action to prepare a draft for the signature of the court, in which event, the court may prescribe procedures for the preparation and timely filing of the judgment, decree or appealable order, including, but not limited to, the time within which it is to be submitted to the court. If a written judgment, decree or appealable order is not submitted to the court by the party directed to do so within the time prescribed by the court, then any other party may reduce it to writing and submit it to the court.

. . .

12 O.S. Supp. 2007 §696.3

12 O.S. Supp. 2007 §696.3

12 O.S. Supp. 1993 §696.2

a) District Court Appeals.

An appeal from the district court may be commenced by filing a petition in error with the Clerk of the Supreme Court within thirty days from the date the judgment, decree, or appealable order prepared in conformance with 12 O.S.2001 § 696.312 O.S. 2001 § 990A

If the appellant did not prepare the judgment, decree, or appealable order, and Section 696.2 of this title required a copy of the judgment, decree, or appealable order to be mailed to the appellant, and the court records do not reflect the mailing of a copy of the judgment, decree, or appealable order to the appellant within three (3) days, exclusive of weekends and holidays, after the filing of the judgment, decree, or appealble order, the petition in error may be filed within thirty (30) daysafter the earliest date on which the court records show that a copy of the judgment, decree, or appealable order was mailed to the appellant. 12 O.S.2001 § 990A1998 OK 67

For cross or multiple appeals Rule 1.27 is applicable. The interval allowed for filing a petition in error may not be extended by either the district court or the Supreme Court.

The times to appeal final orders of tribunals other than the district court (for example, Corporation Commission, Tax Commission, and Court of Tax Review) are governed by the specific statutory authority for such appeals, except when these Rules specifically authorize a different period. See Part IV of these Rules. . . .

The remainder of the Rule concerns appeals from Driver's License Orders, Water Conservancy Decisions, County Excise Board Budget Setting Appeals, Workers' Compensation Court , and Contempt and Juvenile Delinquency Appeals.

Aven v. Reeh, 1994 OK 67878 P.2d 1069

Aven v. Reeh, see note 9, at ¶4, See, Lemons v. Lemons, 1951 OK 300238 P.2d 790

Corbit v. Williams, 1995 OK 53897 P.2d 1129Markwell v. Whinery's Real Estate, Inc., 1994 OK 24869 P.2d 849

Manning v. State ex rel. Dept. of Public Safety, 1994 OK 62876 P.2d 667

Alexander v. Alexander, 2015 OK 52357 P.3d 481